## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

-------------------------------------------------------

Jeffrey McGinnes, Wendy Berry, Lorri Hulings, and Kathleen Sammons, individually and as representatives of a class of similarly situated persons, and on behalf of the FirstGroup America, Inc. Retirement Savings Plan,

         Plaintiffs,

v.

FirstGroup America, Inc., FirstGroup America, Inc. Employee Benefits Committee, and Aon Hewitt Investment Consulting, Inc.,

         Defendants.

-------------------------------------------------------

Case No. 1:18-cv-00326-TSB

## FIRST GROUP DEFENDANTS' ANSWER TO THE SECOND AMENDED CLASS ACTION COMPLAINT

Defendants FirstGroup America, Inc. ("FGA") and the FirstGroup America, Inc. Employee Benefits Committee (the "Committee" and together with FGA, the "FGA Defendants") hereby answer Plaintiffs' Second Amended Class Action Complaint (the "Second Amended Complaint") as follows:

### PRELIMINARY STATEMENT

The Second Amended Complaint improperly mixes factual averments with argumentative rhetoric. Many of the allegations in the Second Amended Complaint are overbroad, vague, or conclusory so as to make admissions or denials of such averments difficult or impossible. Further, the Second Amended Complaint includes a number of allegations that appear intended solely to provide background information about defined contribution plans generally, without asserting specific allegations about the retirement plans at issue in this case.

By way of a general response, FGA Defendants deny all allegations unless specifically admitted herein, and any factual averment admitted is admitted only as to properly pleaded facts and not as to any conclusion, characterization, implication, speculation, or general background information contained therein.

The Second Amended Complaint also purports to paraphrase or quote from a number of sources, some identified, some not. FGA Defendants do not admit the authenticity of any such sources, and reserve the right to challenge the truth, accuracy, relevance and admissibility of the sources, quotation and paraphrasing.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

1.     The allegations of Paragraph 1 purport to describe Plaintiffs' cause of action, and therefore require no response. To the extent a response is required, FGA Defendants specifically deny the allegation that FGA Defendants engaged in any wrongful conduct with respect to the FirstGroup America, Inc. Retirement Savings Plan (the "Plan"), deny that Plaintiffs have any viable claim against FGA Defendants, and deny any remaining allegations of Paragraph 1.

2.     The allegations of Paragraph 2 purport to characterize and selectively quote from a case that speaks for itself, state legal conclusions, and provide general background information about the management of defined contribution plans without addressing the management of the Plans at issue in this case, and therefore require no response. To the extent a response is required, FGA Defendants deny the allegations of Paragraph 2.

3.     The allegations of Paragraph 3 purport to characterize written documents that speak for themselves and provide general background information about defined contribution

and defined benefit plans without addressing the Plan at issue in this case, and therefore require no response.

4.     The allegations of Paragraph 4 purport to selectively quote from a statute and case that speak for themselves and to state legal conclusions, and therefore require no response. To the extent a response is required, FGA Defendants deny that the allegations of Paragraph 4 fully or fairly set forth the law concerning duties under ERISA.

5.     The allegations of Paragraph 5 purport to state legal conclusions, and therefore require no response. To the extent a response is required, FGA Defendants deny the allegations of Paragraph 5.

6.     The allegations of Paragraph 6 purport to state legal conclusions, and therefore require no response. To the extent a response is required, FGA Defendants admit the allegations that Aon Hewitt Investment Consulting, Inc. ("Hewitt") acted as the investment consultant to the Plan since at least 2009 and that Hewitt provided analysis and advice to the Committee regarding which investments to include in the Plan's investment menu. FGA Defendants deny the remaining allegations of Paragraph 6.

7.     FGA Defendants admit that Hewitt initially helped the Committee construct and maintain an investment lineup for the Plan consisting of a diverse set of investment products from a number of different fund managers. FGA Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7.

8.     FGA Defendants admit that, in 2013, a number of the Plan's investment options were removed and that other funds offered by an Aon Hewitt company (the "Hewitt Funds") were added to the Plan. FGA Defendants further admit that, in 2013, the Plan had over $250 million which was invested in Hewitt Funds and that the Aon Hewitt Retirement Solution target

date funds became the Plan's default investment option. FGA Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8.

9.     FGA Defendants admit that the funds removed from the Plan were managed by asset managers at companies including Morgan Stanley, T. Rowe Price and Dodge & Cox, that those companies had experience managing assets, and that they had met or exceeded their benchmark indices at some point in time. FGA Defendants deny the remaining allegations of Paragraph 9.

10.     The allegations of Paragraph 10 purport to state a legal conclusion, and therefore require no response.

11.     The allegations of Paragraph 11 purport to state a legal conclusion, and therefore require no response.

12.     The allegations of Paragraph 12 purport to state a legal conclusion, and therefore require no response. To the extent a response is required, FGA Defendants deny the allegations of Paragraph 12.

13.     The allegations of Paragraph 13 purport to state a legal conclusion, and therefore require no response. To the extent a response is required, FGA Defendants admit that Plaintiffs purport to bring this action to obtain relief under ERISA and deny the remaining allegations of Paragraph 13.

14.     The allegations of Paragraph 14 purport to state a legal conclusion, and therefore require no response.

15.     The allegations of Paragraph 15 purport to state a legal conclusion, and therefore require no response. To the extent a response is required, FGA Defendants deny that Plaintiffs have any viable claim against them.

16.     The allegations of Paragraph 16 purport to state a legal conclusion, and therefore require no response.  To the extent a response is required, FGA Defendants lack knowledge or information sufficient to form a belief as to the truth of Mr. McGinnes' residence or Plan investments.  FGA Defendants specifically deny that Mr. McGinnes "suffered losses as a result of [FGA] Defendants' fiduciary breaches, and would have been worth more at the time it was distributed from the Plan had [FGA] Defendants not violated ERISA" and deny the remaining allegations of Paragraph 16.

17.     The allegations of Paragraph 17 purport to state a legal conclusion, and therefore require no response.  To the extent a response is required, FGA Defendants lack knowledge or information sufficient to form a belief as to the truth of Ms. Berry's residence or Plan investments.  FGA Defendants specifically deny that Ms. Berry "suffered losses as a result of [FGA] Defendants' fiduciary breaches, and would be worth more if [FGA] Defendants not violated ERISA" and deny the remaining allegations of Paragraph 17.

18.     The allegations of Paragraph 18 purport to state a legal conclusion, and therefore require no response.  To the extent a response is required, FGA Defendants lack knowledge or information sufficient to form a belief as to the truth of Ms. Hulings' residence or Plan investments.  FGA Defendants specifically deny that Ms. Hulings "suffered losses as a result of [FGA] Defendants' fiduciary breaches, and would be worth more if [FGA] Defendants not violated ERISA" and deny the remaining allegations of Paragraph 18.

19.     The allegations of Paragraph 19 purport to state a legal conclusion, and therefore require no response.  To the extent a response is required, FGA Defendants lack knowledge or information sufficient to form a belief as to the truth of Ms. Sammons' residence or Plan investments.  FGA Defendants specifically deny that Ms. Sammons "suffered losses as a result

of [FGA] Defendants' fiduciary breaches, and would be worth more if [FGA] Defendants not violated ERISA" and deny the remaining allegations of Paragraph 19.

20.     As to the allegations of the first sentence of Paragraph 20, FGA Defendants admit that FGA is a transportation services company headquartered in Cincinnati, Ohio.  The allegations of the remainder of Paragraph 20 purport to state legal conclusions, and therefore require no response.

21.     The allegations of Paragraph 21 purport to state a legal conclusion, and therefore require no response.

22.     The allegations of Paragraph 22 are directed to a different defendant, and therefore require no response by FGA Defendants.

23.     The allegations of Paragraph 23 purport to state legal conclusions, and therefore require no response.

24.     The allegations of Paragraph 24 purport to state a legal conclusion, and therefore require no response.  To the extent a response is required, FGA Defendants admit that the Plan or its predecessors were established by FGA or its predecessors and were in effect prior to and during the putative class period.

25.     FGA Defendants admit that eligible employees of FGA and related companies are covered by the Plan and that they may contribute a percentage of their earnings on a pre-tax basis to the Plan.  FGA Defendants further admit that, prior to September 30, 2013, the Plan included eleven investment options, and that those options included a target date option managed by T. Rowe Price, the Wells Fargo Stable Return Fund, a S&P 500 index fund and eight actively managed mutual funds managed by asset managers at financial companies including American

Funds and Dodge & Cox, who were experienced managers.  FGA Defendants further admit that those funds provided exposure to different asset classes.

26.     FGA Defendants admit that, with the exception of the Wells Fargo Stable Return Fund, the Plan's then-existing options were removed from the Plan's investment lineup effective October 1, 2013 and that a self-directed brokerage account ("SDBA") was added to the Plan's menu.  FGA Defendants further admit that the Plan's investment options beginning October 1, 2013 included the Wells Fargo Stable Return Fund, Aon Hewitt Core Plus Bond Fund, Aon Hewitt Inflation Strategy Fund, Aon Hewitt Large Cap Equity Fund, Aon Hewitt Small & Mid Cap Equity Fund, Aon Hewitt Non-U.S. Equity Fund and Aon Hewitt Retirement Solution Target Date Funds.  FGA Defendants further admit that Plan participants could invest through the SDBA in one or more passive investment strategies.

27.     The allegations of Paragraph 27 purport to characterize the law and selectively quote from a statute and cases that speak for themselves, and therefore require no response.

28.     The allegations of Paragraph 28 purport to characterize the law and selectively quote from cases that speak for themselves, and therefore require no response.

29.     The allegations of Paragraph 29 purport to characterize the law and selectively quote from cases and regulatory guidance that speak for themselves, and therefore require no response.

30.     The allegations of Paragraph 30 purport to characterize the law and selectively quote from a case that speaks for itself, and therefore require no response.

31.     The allegations of Paragraph 31 purport to characterize the law and selectively quote from a statute and regulatory guidance that speak for themselves, and therefore require no response.

32.     The allegations of Paragraph 32 purport to characterize the law and selectively quote from a case that speaks for itself, and therefore require no response.

33.     The allegations of Paragraph 33 purport to characterize the law and selectively quote from cases that speak for themselves, and therefore require no response.

34.     The allegations of Paragraph 34 purport to characterize the law, and therefore require no response.

35.     The allegations of Paragraph 35 purport to characterize the law and selectively quote from a statute and regulations that speak for themselves, and therefore require no response.

36.     The allegations of Paragraph 36 purport to characterize written sources that speak for themselves and provide general background information about investment alternatives in defined contribution plans without addressing the Plan at issue in this case, and therefore require no response.

37.     The allegations of Paragraph 37 purport to provide a general description of how fees are charged for certain investment products without addressing the Plan at issue in this case, and therefore require no response.

38.     The allegations of Paragraph 38 purport to provide general background information about investment alternatives in defined contribution plans without addressing the Plan at issue in this case, and therefore require no response.

39.     The allegations of Paragraph 39 purport to provide general background information about investment alternatives in defined contribution plans without addressing the Plan at issue in this case, and therefore require no response.

40. The allegations of Paragraph 40 purport to provide general background information about investment alternatives in defined contribution plans without addressing the Plan at issue in this case, and therefore require no response.

41. The allegations of Paragraph 41 purport to provide general background information about investment alternatives in defined contribution plans without addressing the Plan at issue in this case, and therefore require no response.

42. The allegations of Paragraph 42 purport to provide a general description of actively and passively managed funds without addressing the Plan at issue in this case and to characterize written sources that speak for themselves, and therefore require no response.  To the extent a response is required, FGA Defendants deny that the allegations of Paragraph 42 accurately describe actively and passively managed funds.

43. The allegations of Paragraph 43 purport to characterize the law and selectively quote a case that speaks for itself, and therefore require no response.

44. The allegations of Paragraph 44 purport to state legal conclusions and selectively quote cases, and therefore require no response.

45. The allegations of Paragraph 45 purport to state legal conclusions and selectively quote a case, and therefore require no response.

46. The allegations of Paragraph 46 are directed to a different defendant, and therefore require no response by FGA Defendants.

47. The allegations of Paragraph 47 are directed to a different defendant, and therefore require no response by FGA Defendants.

48. The allegations of Paragraph 48 are directed to a different defendant, and therefore require no response by FGA Defendants.

49.     The allegations of Paragraph 49 are directed to a different defendant, and therefore require no response by FGA Defendants.

50.     FGA Defendants admit that Hewitt regularly consulted with the Committee regarding the investment options in the Plan.  FGA Defendants further admit that, in 2013, a number of the Plan's investment options were removed from the Plan's then-existing investment lineup, that several Hewitt funds were added to the Plan, and that the Aon Hewitt Retirement Solutions target date funds became the Plan's default investment option.  FGA Defendants further admit that, at some point in 2013, the Plan had more than $250 million invested in the Aon Hewitt Funds.  FGA Defendants deny the remaining allegations in Paragraph 50.

51.     FGA Defendants admit that the chart at Illustration 1 in Paragraph 51 reflects the investment options for the Plan before and after the Hewitt funds were added to the Plan's investment lineup, other than the SDBA.  FGA Defendants deny the remaining allegations in Paragraph 51.

52.     FGA Defendants admit that, as of October 1, 2013, the Aon Hewitt Retirement Solution target date funds became the Plan's default investment option.  FGA Defendants further admit that, at some point in 2013, the Plan had more than $250 million invested in the Hewitt Funds.  FGA Defendants further admit that Plan participants could invest through the SDBA in one or more passive investment strategies, and that the Wells Fargo Stable Return Fund was the Plan only investment option outside the SDBA other than the Hewitt Funds.  FGA Defendants deny the remaining allegations in Paragraph 52.

53.     The allegations of Paragraph 53 purport to state a legal conclusion, and therefore require no response.

54.     FGA Defendants admit that the funds that were removed from the Plan's investment lineup when the Hewitt funds were added to that lineup were managed by investment managers with experience in managing investment products. FGA Defendants further admit that those funds included funds with varying styles, such as large cap, mid cap, small cap, international stock funds and funds styled as "growth" or "value" options. FGA Defendants further admit that participants could customize their allocation to the various fund options. FGA Defendants further admit that the funds in the T. Rowe Price target date series were intended to be managed to provide investors an appropriate portfolio based on a targeted retirement date. FGA Defendants deny the remaining allegations in Paragraph 54.

55.     FGA Defendants admit that the funds referenced in Paragraph 55 had a track record of performance at the time they were replaced. The first sentence of Paragraph 55 and the chart at Illustration 2 purports to compile and rely upon data from publicly available sources and therefore requires no response.

56.     FGA Defendants admit that the T. Rowe Price Retirement target date funds in the Plan had met or exceeded their stated benchmarks at times prior to their removal from the Plan's investment lineup.

57.     The allegations of Paragraph 57 purport to state legal conclusions and selectively quote from an expert report in another lawsuit, and therefore require no response.

58.     FGA Defendants deny the allegations of Paragraph 58.

59.     The allegations of Paragraph 59 purport to state legal conclusions, and therefore require no response. FGA Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 59 regarding the number of retirement plans in 2013. FGA Defendants deny the remaining allegations of Paragraph 59.

60.     The allegations of Paragraph 60 purport to state legal conclusions, and therefore require no response.  To the extent a response is required, FGA Defendants admit that the Aon Hewitt Retirement Solution target date funds became the Plan's default investment option and that at some point in 2013, the Plan had more than $250 million invested in the Hewitt Funds. FGA Defendants deny the remaining allegations of Paragraph 60.

61.     The allegations of Paragraph 61 purport to state legal conclusions, and therefore require no response.  To the extent a response is required, FGA Defendants deny the allegations of Paragraph 61.

62.     The allegations of Paragraph 62 purport to characterize a document that speaks for itself, and therefore require no response.

63.     The allegations of Paragraph 63 purport to state legal conclusions, and therefore require no response.  To the extent a response is required, FGA Defendants deny the allegations of Paragraph 63.

64.     The allegations of Paragraph 64 purport to state legal conclusions and to characterize a document that speaks for itself, and therefore require no response.  To the extent a response is required, FGA Defendants deny the allegations of Paragraph 64.

65.     The allegations of Paragraph 65 purport to state legal conclusions, and therefore require no response.  To the extent a response is required, FGA Defendants deny the allegations of the first sentence of Paragraph 65.  FGA Defendants further lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 65.

66.     The allegations of Paragraph 66 purport to state legal conclusions, and therefore require no response.  To the extent a response is required, FGA Defendants deny the allegations of Paragraph 66.

67. FGA Defendants deny the allegations of Paragraph 67.

68. The allegations of Paragraph 68 purport to characterize a document that speaks for itself, and therefore require no response. To the extent a response is required, FGA Defendants deny the allegations of Paragraph 68.

69. The allegations of Paragraph 69 purport to characterize a document that speaks for itself, and therefore require no response.

70. The allegations of Paragraph 70 purport to state legal conclusions and to characterize documents that speak for themselves, and therefore require no response. To the extent a response is required, FGA Defendants deny the allegations of Paragraph 70.

71. FGA Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the chart at Illustration 3 in which Plaintiffs purport to calculate the "Average Annual Return Since Inception, +/- Fund Benchmark" and "Average Annual Return Since Inception +/- Removed Fund(s)". FGA Defendants deny the remaining allegations in Paragraph 71.

72. Paragraph 72 purports to summarize a Form 5500, which speaks for itself. FGA Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the purported calculations referenced in Paragraph 72. FGA Defendants deny the remaining allegations in Paragraph 72.

73. FGA Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the purported calculations referenced in Paragraph 73. FGA Defendants deny the remaining allegations in Paragraph 73.

74. FGA Defendants deny the allegations in Paragraph 74.

75.     The allegations of Paragraph 75 purport to state legal conclusions, and therefore require no response.  To the extent a response is required, FGA Defendants admit that the Plan lineup currently includes Hewitt Funds and deny the remaining allegations of Paragraph 75.

76.     FGA Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations in Paragraph 76.

77.     The allegations of Paragraph 77 purport to state legal conclusions, and therefore require no response.  To the extent a response is required, FGA Defendants deny that the Plan suffered any losses.

78.     The allegations of Paragraph 78 purport to state legal conclusions, and therefore require no response.  To the extent a response is required, FGA Defendants admit that the Aon Hewitt Retirement Solution target date funds invest in other funds, including other Hewitt funds and FGA Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations of Paragraph 78.

79.     The allegations of Paragraph 79 purport to state legal conclusions, and therefore require no response.

80.     The allegations of Paragraph 80 purport to state legal conclusions, and therefore require no response.  To the extent a response is required, FGA Defendants lack knowledge or information sufficient to form a belief as to Plaintiffs' actual or other knowledge as set forth in Paragraph 80.

81.     The allegations of Paragraph 81 purport to state legal conclusions, and characterize Plaintiffs' cause of action, and therefore require no response.  To the extent a response is required, FGA Defendants deny that Plaintiffs have stated a valid claim against them and deny that certification of a class is appropriate in this case.

82.     The allegations of Paragraph 82 purport to characterize the putative class that Plaintiffs seek to have certified, and therefore require no response.  To the extent a response is required, FGA Defendants deny that Plaintiffs have stated a valid claim against them and deny that certification of a class is appropriate in this case.

83.     FGA Defendants deny the allegations of Paragraph 83, except FGA Defendants admit that the Plan had approximately 13,000 participants during various times in the putative class period.  FGA Defendants deny that certification of any class is appropriate in this case.

84.     FGA Defendants deny the allegations of Paragraph 84, and deny that certification of any class is appropriate in this case.

85.     FGA Defendants deny the allegations of Paragraph 85, and deny that certification of any class is appropriate in this case.

86.     FGA Defendants deny the allegations of Paragraph 86, and deny that certification of any class is appropriate in this case.

87.     FGA Defendants deny the allegations of Paragraph 87, and deny that certification of any class is appropriate in this case.

88.     FGA Defendants deny the allegations of Paragraph 88, and deny that certification of any class is appropriate in this case.

89.     FGA Defendants deny the allegations of Paragraph 89, and deny that certification of any class is appropriate in this case.

**COUNT I**

90.     FGA Defendants incorporate their responses to Paragraphs 1 through 89 as if fully set forth here.

91.     The allegations of Paragraph 91 purport to state legal conclusions, and therefore require no response.

92.     The allegations of Paragraph 92 purport to state legal conclusions, and therefore require no response.

93.     The allegations of Paragraph 93 purport to state legal conclusions, and therefore require no response.

94.     The allegations of Paragraph 94 purport to state legal conclusions, and therefore require no response.

95.     The allegations of Paragraph 95 purport to state legal conclusions, and therefore require no response.

96.     The allegations of Paragraph 96 purport to state legal conclusions, and therefore require no response.

97.     FGA Defendants deny the allegations of Paragraph 97.

98.     FGA Defendants deny the allegations of Paragraph 98.

99.     FGA Defendants deny the allegations of Paragraph 99.

100.    FGA Defendants deny the allegations of Paragraph 100.

101.    FGA Defendants deny the allegations of Paragraph 101.

102.    FGA Defendants deny the allegations of Paragraph 102.

## COUNT II

103.    FGA Defendants incorporate their responses to Paragraphs 1 through 102 as if fully set forth here.

104.    The allegations of Paragraph 104 purport to state legal conclusions, and therefore require no response.

105.    The allegations of Paragraph 105 purport to state legal conclusions, and therefore require no response.

106.    The allegations of Paragraph 106 purport to characterize a document that speaks for itself, and therefore require no response.

107.    FGA Defendants deny the allegations of Paragraph 107.

108.    FGA Defendants deny the allegations of Paragraph 108.

109.    FGA Defendants deny the allegations of Paragraph 109.

**COUNT III**

110.    FGA Defendants incorporate their responses to Paragraphs 1 through 109 as if fully set forth here.

111.    The allegations of Paragraph 111 purport to state legal conclusions, and therefore require no response.

112.    The allegations of Paragraph 112 purport to state legal conclusions, and therefore require no response.

113.    The allegations of Paragraph 113 purport to state legal conclusions, and therefore require no response.

114.    FGA Defendants deny the allegations of Paragraph 114.

115.    FGA Defendants deny the allegations of Paragraph 115.

116.    FGA Defendants deny the allegations of Paragraph 116.


**DEFENSES**

FGA Defendants advance the following defenses to the Second Amended Complaint. The defenses asserted below will apply or will not apply in in varying degrees to members of the putative class including Plaintiffs, depending upon the particular factual circumstances of each individual member of the putative class.  By setting forth these defenses, FGA Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden

properly belongs to the Plaintiffs. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations

### First Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiffs lack standing to bring claims regarding funds in which each Plaintiff did not invest, or for any time period in which a Plaintiff did not participate in the Plan.

### Third Defense

Plaintiffs' claims, and those of the putative class members, are barred in whole or in part by the applicable statute of limitations and repose, including but not limited to ERISA § 413, 29 U.S.C. § 1113, to the extent that Plaintiffs and/or the putative class members had knowledge of their alleged claims more than three years prior to filing the Second Amended Complaint and/or that the conduct giving rise to Plaintiffs' claim occurred more than six years prior to the filing of the Second Amended Complaint.

### Fourth Defense

Neither the Plaintiffs nor the putative class members have suffered any legally cognizable losses or damages from their purported investments in funds through the Plan.

### Fifth Defense

Any injury sustained by Plaintiffs or any putative class members on behalf of the Plan was not directly or proximately caused by the alleged breach of fiduciary duty as set forth in the Second Amended Complaint.

**Sixth Defense**

The FGA Defendants acted at all times and in all respects in good faith and with due care, and did not engage in any conduct which would constitute a breach of fiduciary duty or a failure to monitor fiduciaries.

**Seventh Defense**

Plaintiffs' claims, and those of the putative class members, are barred, in whole or in part, because the Second Amended Complaint seeks relief that cannot be obtained under ERISA §§ 409 and 502(a)(2), 29 U.S.C. §§ 1109 and 1132(a)(2), and it seeks relief that is not "other appropriate equitable relief" available under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

**Eighth Defense**

Plaintiffs' claims, and those of the putative class members, are barred in whole or in part by ERISA § 404(c), 29 U.S.C. § 1104(c), because Plaintiffs and/or the putative class members exercised control over their plan accounts.

**Ninth Defense**

Plaintiffs' claims, and those of the putative class members, are barred, in whole or in part, because advisory fees paid by investment companies are governed not by ERISA but by the Investment Company Act of 1940, as amended.

**Tenth Defense**

The claims of Plaintiffs and the putative class members are barred or reduced because they have proximately caused, contributed to, and/or failed to mitigate an any and all harm and/or loss claimed.

**Eleventh Defense**

The claims of Plaintiffs and the putative class members are barred by the doctrine of laches, waiver, and/or estoppel.

**Twelfth Defense**

The claims of Plaintiffs and the putative class members are barred to the extent that Plaintiffs and/or the putative class members released and/or covenanted to not sue Defendants regarding the ERISA claims brought in the Second Amended Complaint.

**Thirteenth Defense**

The claims of Plaintiffs and the putative class members are barred by their failure to exhaust administrative remedies.

**Fourteenth Defense**

To the extent that this action seeks exemplary or punitive damages, any such relief would violate FGA Defendants' rights to procedural and substantive due process.

**Fifteenth Defense**

Committees can neither properly be sued as parties nor considered as fiduciaries under ERISA; accordingly, the Committee is not a proper party to this lawsuit.

**Sixteenth Defense**

The Plan's investment policy statements are not "documents [or] instruments governing the [P]lan" under ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).


**DEMAND FOR JUDGMENT**

WHEREFORE, FGA Defendants respectfully request that the Court:

a)      dismiss the Second Amended Complaint with prejudice;

b)      award FGA Defendants their attorneys' fees and costs; and

c)      grant such other and further relief as it deems just and proper.

Dated: October 14, 2021
    Cincinnati, Ohio

Respectfully submitted,

**DINSMORE & SHOHL LLP**

By: _/s/_ Jennifer O. Mitchell

    Jennifer O. Mitchell
    255 E. Fifth Street, Suite 1900
    Cincinnati, Ohio 45202
    (513) 977-8364
    (513) 977-8141 (Fax)
    jennifer.mitchell@dinsmore.com

**GOODWIN PROCTER LLP**

James O. Fleckner (_admitted pro hac vice_)
David Rosenberg (_admitted pro hac vice_)
100 Northern Avenue
Boston, Massachusetts 02210
(617) 570-1000
(617) 523-1231 (Fax)
jfleckner@goodwinlaw.com
drosenberg@goodwinlaw.com

Gabrielle L. Gould (_admitted pro hac vice_)
Samuel J. Rubin (_admitted pro hac vice_)
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 813-8800
(212) 355-3333 (Fax)
ggould@goodwinlaw.com
srubin@goodwinlaw.com

**ATTORNEYS FOR DEFENDANT
FIRSTGROUP AMERICA, INC. AND THE
FIRSTGROUP AMERICA, INC.
EMPLOYEE BENEFITS COMMITTEE**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 14th day of October 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ Jennifer O. Mitchell
Jennifer O. Mitchell