# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Jeffrey McGinnes, Wendy Berry, Lorri Hulings, and Kathleen Sammons, individually and as representatives of a class of similarly situated persons, and on behalf of the FirstGroup America, Inc. Retirement Savings Plan, | Case No. 1:18-cv-326 |
| Plaintiffs, | **ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| FirstGroup America, Inc., FirstGroup America, Inc. Employee Benefits Committee, and Aon Hewitt Investment Consulting, Inc., | |
| Defendants. | |

## DEFENDANT AON HEWITT INVESTMENT CONSULTING, INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT

Defendant Aon Hewitt Investment Consulting, Inc. ("AHIC") respectfully submits its answer and affirmative defenses to Plaintiffs' Jeffrey McGinnes, Wendy Berry, Lorri Hulings, and Kathleen Sammons ("Plaintiffs") Second Amended Class Action Complaint (the "Complaint"). Unless specifically admitted, AHIC denies each and every averment in the Complaint. To the extent that Plaintiffs have included headings, footnotes, or other impertinent material that is inappropriate under Rules 8 and 12(f) of the Federal Rules of Civil Procedure, no response is necessary and any such inappropriate material should be stricken. In any event, to the extent any headings or inappropriate material are deemed to require a response, AHIC denies them. AHIC expressly reserves the right to amend and/or supplement its Answer as may be necessary.

## NATURE OF ACTION

1.     AHIC admits that Plaintiffs purport to assert claims pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (3), on behalf of the First Group America, Inc. Retirement Savings Plan (the "Plan") and a class of participants and beneficiaries of the Plan, but denies that Plaintiffs are entitled to any relief on their claims.  AHIC admits that changes were made to the Plan's investment lineup in 2013.  AHIC denies the remaining allegations in paragraph 1, and specifically denies that it has breached any fiduciary duties.

2.     The allegations in paragraph 2 assert legal conclusions to which no response is required. To the extent a response is required, AHIC admits that Plaintiffs purport to bring an action, and seek remedies, pursuant to ERISA, but denies that the action is proper and that any remedies are appropriate. AHIC admits that in 2013, the Plan removed multiple funds from the Plan's lineup and added multiple funds that were managed by an Aon Hewitt company and that had inception dates in 2013.  AHIC admits that the Plan invested a total of over $250 million in the funds managed by an Aon Hewitt company when those funds were added to the Plan's investment lineup and that that amount represented more than 90% of the Plan's total assets.  AHIC states that paragraph 2 purports to quote or otherwise summarize *Tibble v. Edison Int'l,* 135 S.Ct. 1823, 1828 (2015), which judicial decision speaks for itself.  AHIC denies all remaining allegations in paragraph 2.

## PRELIMINARY STATEMENT

3.     AHIC states that paragraph 3 purports to summarize the contents of an internet article and a Department of Labor Bulletin, which speak for themselves.  Except as so stated, AHIC lacks sufficient information to admit or deny, and therefore denies, the remaining allegations in paragraph 3.

4.     The allegations in paragraph 4 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 4 purports to quote or otherwise

summarize 29 U.S.C. § 1104(a)(1) and *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 426 (6th Cir. 2002), which statutory provision and judicial decision speak for themselves.

5.     The allegations in paragraph 5 assert legal conclusions to which no response is required. To the extent a response is required, AHIC denies the allegations in paragraph 5.

6.     AHIC admits that it has been an investment consultant with respect to the Plan and has provided analysis and advice in that role. AHIC further states that paragraph 6 purports to quote or otherwise summarize *Pegram v. Hedrich*, 530 U.S. 211, 224, 235 (2000) and a website, which judicial decision and website speak for themselves.

7.     AHIC admits it has provided independent advice to the Plan and assisted in the construction of a diverse Plan lineup consisting of funds with different managers. AHIC further admits that an Aon Hewitt company created investment products in 2013 that are available for investment by 401(k) plans. Except as so admitted, AHIC denies the remaining allegations in paragraph 7.

8.     AHIC admits that the Plan was among the first in the United States to offer the Aon Funds as a Plan investment option. AHIC further admits that in 2013, a number of the Plan's investment options were removed from the Plan and that the Aon Hewitt Core Plus Bond Fund, Aon Hewitt Inflation Strategy Fund, Aon Hewitt Large Cap Equity Fund, Aon Hewitt Small and Mid-Cap Equity Fund, Aon Hewitt Non-U.S. Equity Fund, and the Aon Hewitt Retirement Solution Target Date Funds (the "Aon Funds") were added to the Plan. AHIC admits that as of Q4 2013 the Plan had over $250 million invested in the Aon Funds, and that the Aon Hewitt Retirement Solution target date funds became the Plan's default investment option. Except as so admitted, AHIC denies the remaining allegations in paragraph 8.

9.     AHIC admits that the funds removed from the Plan's investment lineup were managed by asset managers at financial companies including Morgan Stanley, T. Rowe Price, and Dodge & Cox, and

that those companies had multiple years' experience managing investment products for investors, including retirement plans.  AHIC further admits that as of 2013, the funds removed from the Plan's investment lineup met or exceeded their stated benchmarks over some time horizon.  AHIC denies the remaining allegations in paragraph 9.

10.     AHIC denies the allegations of paragraph 10.

11.     The allegations in paragraph 11 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC states that paragraph 11 purports to quote or otherwise summarize a version of the Plan's investment policy statement, which document speaks for itself.  AHIC denies the remaining allegations in paragraph 11 and incorporates its responses to paragraphs 62–70 as if fully set forth here.

12.     The allegations in paragraph 12 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC further states that paragraph 12 purports to summarize the contents of a version of the Plan's investment policy statement, which document speaks for itself.  AHIC further states that the Plan has continued to include certain of the Aon funds as investment options.  AHIC admits that the returns of certain of the Aon Funds were both less than the hypothetical returns of certain benchmarks over certain periods of time and greater than the hypothetical returns of certain benchmarks over other periods of time.  AHIC denies the remaining allegations in paragraph 12.

13.     AHIC admits that Plaintiffs bring an action, and seek remedies, pursuant to ERISA, but denies that the action is proper and that any remedies are appropriate.  AHIC denies the remaining allegations in paragraph 13.

## JURISDICTION AND VENUE

14.     The allegations in paragraph 14 assert legal conclusions to which no response is required. To the extent paragraph 14 requires a response, AHIC states that the statutory provisions referenced in paragraph 14 speak for themselves.

15.     The allegations in paragraph 15 assert legal conclusions to which no response is required. To the extent paragraph 15 requires a response, AHIC admits that FirstGroup America, Inc. ("FirstGroup") has offices in this district but denies the remaining allegations in paragraph 15.

## THE PARTIES

16.     The allegations in paragraph 16 assert legal conclusions to which no response is required. To the extent a response is required, AHIC admits that the Aon Hewitt 2030 Retirement Solution Fund has invested in the Aon Hewitt Growth Fund, Aon Hewitt Income Fund, Aon Hewitt Global Equity Fund, Aon Hewitt Non-U.S. Equity Fund, SSgA Global Equity ex-U.S. Index Fund, Aon Hewitt Large Cap Equity Fund, SSgA S&P 500 Index Fund, Aon Hewitt Small & Mid Cap Equity Fund, SSgA U.S. Inflation Protected Bond Index Fund, SSgA Bloomberg Roll Select Commodity Index Fund, and the Aon Hewitt High Yield Plus Fund.  AHIC lacks sufficient information to admit or deny, and therefore denies, the allegations in paragraph 16 concerning Mr. McGinnes' residence, participation in the Plan, and investment in the Aon Hewitt 2030 Retirement Solution Fund.  AHIC denies the remaining allegations in Paragraph 16, and specifically denies that it breached any fiduciary duty.

17.     The allegations in paragraph 17 assert legal conclusions to which no response is required. To the extent a response is required, AHIC admits that the Aon Hewitt 2035 Retirement Solution Fund has invested in the Aon Hewitt Growth Fund, Aon Hewitt Global Equity Fund, Aon Hewitt Income Fund, Aon Hewitt Non-U.S. Equity Fund, SSgA Global Equity ex-U.S. Index Fund, SSgA S&P 500 Index Fund, Aon Hewitt Inflation Strategy Fund, Aon Hewitt Small & Mid Cap Equity Fund, SSgA Bloomberg

Roll Select Commodity Index Fund, Aon Hewitt High Yield Plus Fund, and the SSgA U.S. Inflation Protected Bond Index Fund. AHIC lacks sufficient information to admit or deny, and therefore denies, the allegations in paragraph 17 concerning Ms. Berry's residence, participation in the Plan, and investment in the Aon Hewitt 2035 Retirement Solution Fund. AHIC denies the remaining allegations in paragraph 17 and specifically denies that it breached any fiduciary duty.

18. The allegations in paragraph 18 assert legal conclusions to which no response is required. To the extent a response is required, AHIC admits that the Aon Hewitt 2025 Retirement Solution Fund has invested in the Aon Hewitt Growth Fund, Aon Hewitt Income Fund, Aon Hewitt Inflation Strategy Fund, Aon Hewitt Global Equity Fund, Aon Hewitt Non-U.S. Equity Fund, SSgA U.S. Inflation Protected Bond Index Fund, SSgA Global Equity ex-U.S. Index Fund, Aon Hewitt Large Cap Equity Fund, SSgA S&P 500 Index Fund, SSgA Bloomberg Roll Select Commodity Index Fund, Aon Hewitt Small & Mid Cap Equity Fund, and Aon Hewitt Core Plus Bond Fund. AHIC lacks sufficient information to admit or deny, and therefore denies, the allegations in paragraph 18 concerning Ms. Hulings' residence, participation in the Plan, and investment in the Aon Hewitt 2025 Retirement Solution Fund. AHIC denies the remaining allegations in paragraph 18 and specifically denies that it breached any fiduciary duty.

19. The allegations in paragraph 19 assert legal conclusions to which no response is required. To the extent a response is required, AHIC admits that the Aon Hewitt 2025 Retirement Solution Fund has invested in the Aon Hewitt Growth Fund, Aon Hewitt Income Fund, Aon Hewitt Inflation Strategy Fund, Aon Hewitt Global Equity Fund, Aon Hewitt Non-U.S. Equity Fund, SSgA U.S. Inflation Protected Bond Index Fund, SSgA Global Equity ex-U.S. Index Fund, Aon Hewitt Large Cap Equity Fund, SSgA S&P 500 Index Fund, SSgA Bloomberg Roll Select Commodity Index Fund, Aon Hewitt Small & Mid Cap Equity Fund, and Aon Hewitt Core Plus Bond Fund. AHIC lacks sufficient

information to admit or deny, and therefore denies, the allegations in paragraph 19 concerning Ms. Sammons' residence, participation in the Plan, and investment in the Aon Hewitt 2025 Retirement Solution Fund. AHIC denies the remaining allegations in paragraph 19, including that it breached any fiduciary duty.

20. The allegations in paragraph 20 assert legal conclusions to which no response is required. To the extent that a response is required, AHIC admits that FirstGroup provides transportation services, and has offices in Cincinnati, Ohio. AHIC further states that paragraph 20 purports to summarize the contents of the Plan's Form 5500s, which documents speaks for itself. Except as so admitted, AHIC lacks sufficient information to admit or deny, and therefore denies, the allegations in paragraph 20.

21. The allegations in paragraph 21 assert legal conclusions to which no response is required. To the extent a response is required, AHIC admits that it is its understanding that a committee of FirstGroup employees carries out certain responsibilities with respect to the Plan. Except as so admitted, AHIC lacks sufficient information to admit or deny, and therefore denies, the remaining allegations in paragraph 21.

22. The allegations in paragraph 22 assert legal conclusions to which no response is required. To the extent a response is required, AHIC admits that it is a registered investment adviser headquartered in Chicago, Illinois. AHIC was formed in 2010 when Hewitt Associates LLC purchased Ennis Knupp & Associates. Hewitt Associates LLC was subsequently acquired by a predecessor to Aon plc. AHIC further admits that it has offered investment consulting services to the Plan and receives compensation for its services pursuant to an agreement. AHIC denies the remaining allegations in paragraph 22.

23. The allegations in paragraph 23 assert legal conclusions to which no response is required. To the extent a response is required, AHIC denies the allegations in paragraph 23.

## THE PLAN

24.     The allegations in paragraph 24 assert legal conclusions to which no response is required. To the extent a response is required, AHIC lacks sufficient information to admit or deny, and therefore denies, the allegations in paragraph 24, except admits that the Plan went into effect on January 1, 2009.

25.     The allegations in paragraph 25 assert legal conclusions to which no response is required. To the extent a response is required, AHIC admits that the Plan covers eligible employees of FirstGroup who may contribute a portion of their earnings to the Plan, and that eligible employees may receive tax-deferred contributions from their employer. AHIC further admits that prior to September 30, 2013, the Plan included eleven investment options, and that these options included a target date option managed by T. Rowe Price, the Wells Fargo Stable Return Fund, a S&P 500 index fund, and eight actively-managed mutual funds managed by asset managers at financial companies including American Funds and Dodge & Cox, who were experienced in managing funds. AHIC further admits that those mutual funds were in different asset classes. Except as so admitted, AHIC denies the remaining allegations in paragraph 25.

26.     AHIC admits that, with the exception of the Wells Fargo Stable Return Fund, the Plan's existing options were removed from the Plan's investment lineup effective October 1, 2013, and that a self-directed brokerage account ("SDBA") was added to the Plan's investment lineup. AHIC further admits that the Plan's investment options beginning October 1, 2013 included the Wells Fargo Stable Return Fund, Aon Hewitt Core Plus Bond Fund, Aon Hewitt Inflation Strategy Fund, Aon Hewitt Large Cap Equity Fund, Aon Hewitt Small & Mid Cap Equity, Aon Hewitt Non-U.S. Equity, and Aon Hewitt Retirement Solution Target Date Funds. AHIC admits that after September 30, 2013, the Plan's investment options outside the SDBA did not include an option with an entirely passive investment strategy. Except as so admitted, AHIC denies the remaining allegations in paragraph 26.

## ERISA FIDUCIARY DUTIES

27.     The allegations in paragraph 27 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 27 purports to quote or otherwise summarize 29 U.S.C. § 1001(a), *Boggs v. Boggs*, 520 U.S. 833, 845 (1997), and *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 n.8 (1985), which statutory provision and judicial decisions speak for themselves.

28.     The allegations in paragraph 28 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 28 purports to quote or otherwise summarize 29 U.S.C. § 1104(a)(1) and *Hall Holding Co.*, 285 F.3d 415, 426 (6th Cir. 2002) and *Howard v. Shay*, 100 F.3d 1484, 1488 (9th Cir. 1996), which statutory provision and judicial decisions speak for themselves.

29.     The allegations in paragraph 29 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 29 purports to quote or otherwise rely on 29 U.S.C. § 1104(a)(1), *Pegram v. Herdrich*, 530 U.S. 211, 235 (2000), *Pfeil v. State St. Bank & Tr. Co.*, 671 F.3d 585, 597 (6th Cir. 2012), and a Department of Labor opinion, which statutory provision, judicial decisions, and Department of Labor opinion speak for themselves.

30.     The allegations in paragraph 30 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 30 purports to quote or otherwise summarize *Bedrick ex rel. Humrickhouse v. Travelers Ins. Co.*, 93 F.3d 149, 154 (4th Cir. 1996), which judicial decision speaks for itself.

31.     The allegations in paragraph 31 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 31 purports to quote or otherwise summarize 29 U.S.C. § 1104(a)(1)(B) and a document from the Department of Labor website, which statutory provision and website speak for themselves.

32. The allegations in paragraph 32 assert legal conclusions to which no response is required. To the extent a response is required, paragraph 32 purports to quote *Tibble v. Edison Int'l*, 135 S.Ct. 1823, 1828 (2015), which judicial opinion speaks for itself.

33. The allegations in paragraph 33 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 33 purports to quote, summarize, or otherwise rely on *In re Ford Motor Co. ERISA Litig.*, 590 F. Supp.2d 883, 908 n.11 (E.D. Mich. 2008) and *Chao v. Hall Holding Co., Inc*., 285 F.3d 415, 426 (6th Cir. 2002), which judicial decisions speaks for themselves.

34. The allegations in paragraph 34 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 34 purports to rely on 29 U.S.C. § 1104(a), which statutory provision speaks for itself.

## THE DEFINED CONTRIBUTION PLAN INVESTMENT MENU

35. The allegations in paragraph 35 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 35 purports to quote, summarize, or otherwise rely on 29 U.S.C. § 1104(a)(1)(C); 29 C.F.R. § 2550.404c, which statutory and regulatory provisions speak for themselves.

36. AHIC states that paragraph 36 purports to summarize the contents of internet and law review articles, which speak for themselves. AHIC denies the remaining allegations in paragraph 36.

37. AHIC states that it lacks sufficient information regarding the fees and expenses of every pooled investment product, and therefore denies the allegations in paragraph 37.

38. AHIC admits that fixed investments, bonds, stocks, real estate and commodities are sometimes characterized as asset classes; that stable value funds, guaranteed investment contracts and money market funds are sometimes characterized as fixed investments; and that bonds are sometimes referred to as debt securities. AHIC further admits that bonds are sometimes categorized by the nature of

the issuer or borrower, the duration of the debt or the risks associated with a borrower. AHIC also admits that equity investments provide ownership interests in companies. Except as so admitted, AHIC denies the allegations in paragraph 38.

39.     AHIC admits that equity investments are sometimes categorized by whether they invest in domestic or international companies, or both; the size of companies in which they invest; and their investment style. AHIC also admits that funds that invest in the stock of companies that are viewed as growing quickly are sometimes referred to as growth funds; that funds that invest in the stock of companies that are viewed as established and undervalued are sometimes referred to as value funds; and that funds that invest in both types of companies are sometimes referred to as blend funds. Except as so admitted, AHIC denies the allegations in paragraph 39.

40.     AHIC admits that funds that invest in multiple asset classes are sometimes referred to as balanced funds and that target date funds could be considered a type of balanced fund. AHIC further admits that target date funds are typically invested in a variety of asset classes, commonly including equity and debt securities, that are adjusted to become more conservatively invested as a designated date approaches. AHIC further admits that target date funds are often offered by financial companies as a suite of funds, with individual target date funds having different target dates. AHIC also admits that target date funds often invest in underlying pooled investment vehicles and that such a structure is sometimes referred to as a "fund of funds" structure. Except as so admitted, AHIC denies the allegations in paragraph 40.

41.     AHIC states that it lacks sufficient information regarding associations related to target date funds or the expectations of participants invested in target date funds, and therefore denies the allegations in paragraph 41.

42.     AHIC admits that funds that seek to match the performance of a market index are commonly referred to as index funds or passive funds and that funds through which an investment manager seeks to outperform a market index through investment selection are commonly known as actively-manage funds.  AHIC further admits that funds that seek to outperform a market index sometimes have higher expense ratios than funds within the same asset class that seek to match the performance of the index.  AHIC states that paragraph 42 purports to summarize the contents of an article and Department of Labor document, which speak for themselves.  Except as so admitted and stated, AHIC denies the allegations in paragraph 42.

43.     The allegations in paragraph 43 assert legal conclusions to which no response is required. To the extent a response is required, AHIC admits that some plans offer participants the ability to invest SDBA that provides access to a large number of mutual funds or other investments.  AHIC lacks sufficient information to admit or deny, and therefore denies, the allegations concerning the extent to which participants in plans invest in SDBAs.  AHIC states that paragraph 43 purports to summarize the contents of a law review article and *Wildman v. Am. Century Services, LLC*, 237 F. Supp. 3d 902, 913 (W.D. Mo. 2017), which judicial decision and article speak for themselves.  AHIC denies the remaining allegations in paragraph 43.

44.     The allegations in paragraph 44 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 44 purports to summarize the contents of *Tussey v. ABB, Inc.*, 850 F.3d 951, 956 (8th Cir. 2017), *Braden v. Wal-Mart Stores*, 588 F.3d 585, 596 (8th Cir. 2009), which judicial decisions speak for themselves.

45.     The allegations in paragraph 45 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 45 purports to summarize the contents of *Terraza v. Safeway*, 241 F. Supp. 1057 (N.D. Cal. 2017), which judicial opinion speaks for itself.

## DEFENDANTS' ALLEGED VIOLATIONS OF ERISA

46.     AHIC admits that it is and has been one of the largest providers of investment consulting services to institutional investors.  AHIC admits that its services for clients sometimes include investment lineup analysis, investment policy development, manager services, and ongoing performance reporting and evaluation.  Except as so admitted, AHIC denies the remaining allegations in paragraph 46.

47.     AHIC admits it was formed in 2010 when Hewitt Associates LLC purchased Ennis Knupp & Associates.  Hewitt Associates LLC was subsequently acquired by a predecessor to Aon plc.  AHIC further admits that it is and has been one of the largest providers of investment consulting services to institutional investors.  AHIC states that paragraph 47 purports to summarize the contents of internet articles, which speak for themselves.  AHIC denies the remaining allegations in paragraph 47.

48.     AHIC admits that an Aon Hewitt company was involved in the creation of collective investment trusts that are available for investment by defined contribution plans.  AHIC further admits that it was formed in 2010 when Hewitt Associates LLC purchased Ennis Knupp & Associates.  AHIC denies the remaining allegations in paragraph 48.

49.     AHIC admits that it provides independent and objective advice to its consulting clients and that it has identified investment funds managed by Aon affiliates as potential investment options for certain plan clients.  AHIC further states that paragraph 49 purports to quote or otherwise summarize the content of internet materials, which materials speak for themselves.  AHIC denies the remaining allegations in paragraph 49.

50.     AHIC admits that it regularly consulted with FirstGroup regarding investment options in the Plan.  AHIC further admits that in 2013, a number of the Plan's investment options were removed from the Plan's investment lineup and the Aon Funds were added to the investment lineup at that time.  AHIC further admits that the Aon Hewitt Retirement Solution target date funds became the Plan's default investment option.  AHIC also admits that as of Q4 2013 the Plan had more than $250 million invested in

the Aon Funds. AHIC further admits that the Plan was among the first plans to offer the Aon Funds as plan investment options and that AHIC provides services to the other plans that invest in those funds. AHIC denies the remaining allegations in paragraph 50.

51. AHIC admits that the Funds identified in the "Before" column in Illustration 1 reflect the investment options in the Plan's investment lineup immediately before the Aon Funds were added to the Plan's investment lineup. AHIC further admits that the funds identified in the "After" column in Illustration 1 reflect the investment options in the Plan's investment lineup, other than the SDBA, immediately after the Aon Funds were added to the Plan's investment lineup. Except as so admitted, AHIC denies the allegations in paragraph 51.

52. AHIC admits that as of October 1, 2013, the Aon Hewitt Retirement Solution target date funds became the Plan's default investment option. AHIC further admits that immediately after the Aon Funds were added as Plan investment options, those funds had over $250 million invested in them. AHIC further admits that following the addition of the Aon Funds to the Plan's investment lineup, there was no entirely passively-managed index fund in the Plan's investment lineup, excluding the SDBA, and that the Wells Fargo Stable Return Fund was the only investment option outside the SDBA other than the Aon Funds. AHIC further states that paragraph 52 purports to quote a Form ADV, which document speaks for itself. AHIC denies all remaining allegations in paragraph 52.

53. AHIC denies the allegations in paragraph 53.

54. AHIC admits that the funds that were removed from the Plan's investment lineup at the time that the Aon Funds were added to that lineup had been in existence for some time and were managed by investment managers who had experience managing investment products. AHIC further admits that those funds included funds styled as large cap, mid cap, small cap, and international stock funds, and that some of those funds were styled as either "growth" or "value" options. AHIC further

admits that participants could allocate their participant accounts among the Plan's options.  AHIC also admits that the funds in the T. Rowe Price target date series were purported to be managed to provide investors an appropriate portfolio based on a targeted retirement date.  Except as so admitted, AHIC denies the remaining allegations in paragraph 54.

55.     AHIC admits that the funds referenced in paragraph 55 were removed from the Plan's investment lineup at the time that the Aon Funds were added to that lineup, and that the funds removed from the Plan's investment lineup had been in existence for some time.  AHIC further states that the chart in paragraph 55 appears to refer to the public financial reports in footnotes 15 through 22, which reports speak for themselves.

56.     AHIC admits that the T. Rowe Price Retirement target date funds removed from the Plan's investment lineup in 2013 had, as of the time of their removal, met or exceeded their stated benchmarks prior to their removal from the Plan investment lineup for certain periods of time.

57.     AHIC admits that the Aon Funds had inception dates in fall 2013.  AHIC states that paragraph 57 purports to quote or otherwise summarize a putative expert report in another lawsuit, which report speaks for itself.  Except as so admitted and stated, AHIC denies the allegations in paragraph 57.

58.     AHIC denies the allegations in paragraph 58.

59.     The allegations in paragraph 59 assert legal conclusions to which no response is required. AHIC admits that the Plan was among the first plans to offer the Aon Funds as plan investment options. AHIC states that it lacks sufficient information to admit or deny, and therefore denies, the assertions in paragraph 59 regarding the number of retirement plans in the United States in 2013.  AHIC denies the remaining allegations in paragraph 59.

60.     The allegations in paragraph 60 assert legal conclusions to which no response is required. To the extent a response is required, AHIC admits that the Aon Hewitt Retirement Solution target date

funds became the Plan's default investment option, and that the Aon Funds had over $250 million invested in them. AHIC denies the remaining allegations in paragraph 60.

61. The allegations in paragraph 61 assert legal conclusions to which no response is required. To the extent a response is required, AHIC denies the allegations in paragraph 61.

62. AHIC admits that the FirstGroup, Inc. Employee Benefits Committee (the "Committee") adopted a version of an investment policy statement in February 2013. AHIC further states that paragraph 62 purports to quote the contents of that version of the Plan's investment policy statement, which speaks for itself. AHIC denies that the allegations in paragraph 62 accurately quote or summarize the provisions of the Plan's investment policy statement as of the date the Aon Funds were added to the Plan's investment lineup. AHIC denies the remaining allegations in paragraph 62.

63. AHIC states that the allegations in paragraph 63 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 63 purports to quote or summarize documents, including internet articles and a version of the Plan's investment policy statement, which speaks for themselves. AHIC denies that the allegations in paragraph 63 accurately quote or summarize the provisions of the Plan's investment policy statement as of the date the Aon Funds were added to the Plan's investment lineup. AHIC admits that the Aon Funds had inception dates in fall 2013. AHIC denies the remaining allegations in paragraph 63.

64. AHIC states that the allegations in paragraph 64 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 64 purports to quote or otherwise summarize contents of a version of the Plan's investment policy statement, which speaks for itself. AHIC denies that paragraph 64 accurately quotes or summarizes the version of the investment policy statement in effect as of the date the Aon Funds were added to the Plan's investment lineup. AHIC denies the remaining allegations in paragraph 64.

65.     AHIC states that the allegations in paragraph 65 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC admits that it was formed in 2010 when Hewitt Associates LLC purchased Ennis Knupp & Associates.  Hewitt Associates LLC was subsequently acquired by a predecessor to Aon plc.  AHIC states that paragraph 65 purports to quote or otherwise summarize the contents of a version of the Plan's investment policy statement, which speaks for itself.  AHIC denies that paragraph 65 accurately summarizes the provisions of the version of the Plan's investment policy statement as of the date the Aon Funds were added to the Plan's investment lineup.  AHIC denies the remaining allegations in paragraph 65.

66.     AHIC states that the allegations in paragraph 66 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC states that paragraph 66 purports to quote or otherwise summarize contents of a version of the Plan's investment policy statement, which speaks for itself.  AHIC denies that paragraph 66 accurately summarizes the provisions of the version of the Plan's investment policy statement as of the date the Aon Funds were added to the Plan's investment lineup.  AHIC denies the remaining allegations in paragraph 66.

67.     AHIC states that the allegations in paragraph 67 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC states that paragraph 67 purports to summarize the contents of certain documents including the Plan's investment policy statement and committee minutes, which speak for themselves.  AHIC denies that paragraph 67 accurately summarizes the provisions of the version of the Plan's investment policy statement as of the date the Aon Funds were added to the Plan's investment lineup.  AHIC lacks sufficient information to admit or deny, and therefore denies, the allegations in paragraph 67 regarding the extent of FirstGroup's awareness of the matters alleged.  AHIC denies the remaining allegations in paragraph 67.

68. AHIC states that the allegations in paragraph 68 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 68 purports to summarize documents including Committee minutes, which speak for themselves. AHIC admits the AHIC was retained by FirstGroup to provide investment management services and that Aon Funds were selected as Plan investment options. AHIC denies the remaining allegations in paragraph 68.

69. AHIC states that paragraph 69 purports to quote or otherwise summarize certain committee minutes and an agreement, which documents speak for themselves. AHIC admits that the Committee met on August 29, 2013 and that a representative of FirstGroup signed an agreement with AHIC on that date. AHIC denies the remaining allegations in paragraph 69.

70. The allegations in paragraph 70 assert legal conclusions to which no response is required. To the extent a response is required, AHIC admits that the Plan's investment management agreement was amended in September 2013, that AHIC was retained by FirstGroup to provide investment management services, and that Aon Funds were selected as Plan investment options. AHIC further states that paragraph 70 purports to quote or otherwise summarize a version of the investment management agreement between FirstGroup and AHIC, which speaks for itself. AHIC denies the remaining allegations in paragraph 70.

71. AHIC admits that Plaintiffs purport to calculate the "average annual return since inception, +/- fund benchmark" and "average annual return since inception +/- removed fund(s)." To the extent that Plaintiffs purport to summarize or state information reported in other documents, including AHIC documents containing information concerning the performance of the Aon Funds or any comparators or benchmarks, AHIC states that such documents speak for themselves. Except as so stated, AHIC lacks sufficient information regarding Plaintiffs' purported calculations, including Plaintiffs' methodology and sources of information, to admit or deny the accuracy of those purported calculations,

and therefore denies Plaintiffs' allegations concerning the results of those calculations. AHIC admits that the returns of certain of the Aon Funds were both less than the hypothetical returns of certain benchmarks over certain periods and greater than the hypothetical returns of certain benchmarks over other periods. AHIC denies all other allegations in paragraph 71.

72.     AHIC states that paragraph 72 purports to summarize a Form 5500, which speaks for itself. AHIC admits that Plaintiffs purport to have calculated the relative performance of the Aon Hewitt Retirement Solution target date funds on some weighted average basis. To the extent that Plaintiffs purport to summarize or state information reported in other documents, including AHIC documents containing information concerning the performance of the Aon Funds or any comparators or benchmarks, AHIC states that such documents speak for themselves. Except as so stated, AHIC lacks sufficient information regarding Plaintiffs' purported calculations, including Plaintiffs' methodology and sources of information, to admit or deny the accuracy of those purported calculations, and therefore denies Plaintiffs' allegations concerning the results of those calculations. AHIC denies the remaining allegations in paragraph 72.

73.     AHIC admits that Plaintiffs purport to have calculated the relative performance of certain Aon Funds on some weighted average basis. AHIC lacks sufficient information to admit or deny the accuracy of those purported calculations, and therefore denies Plaintiffs' allegations concerning the results of those calculations. AHIC denies the remaining allegations in paragraph 73.

74.     AHIC denies the allegations in paragraph 74.

75.     The allegations in paragraph 75 assert legal conclusions to which no response is required. To the extent a response is required, AHIC admits that the Plan's investment lineup currently includes Aon Funds. AHIC denies the remaining allegations in paragraph 75.

76.     AHIC states that it lacks sufficient information to admit or deny, and therefore denies, the assertions in paragraph 76 regarding the number of retirement plans with assets greater than $250 million.  AHIC states that paragraph 76 purports to summarize information from unidentified public documents, which speak for themselves.  AHIC denies all other allegations in paragraph 76.

77.     The allegations in paragraph 77 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC denies the allegations in paragraph 77.

78.     The allegations in paragraph 78 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC admits that the Aon Hewitt Retirement Solution target date funds invest in underlying funds, including other Aon Hewitt Funds.  AHIC denies the remaining allegations in paragraph 78, and specifically denies it breached any fiduciary duty.

79.     The allegations in paragraph 79 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC denies the allegations in paragraph 79.

80.     The allegations in paragraph 80 assert legal conclusions as to which no response is required.  To the extent a response is required, AHIC lacks sufficient information to admit or deny, and therefore denies, the allegations in paragraph 80 concerning the nature of Plaintiffs' knowledge.  AHIC denies the remaining allegations in paragraph 80.

## CLASS ACTION ALLEGATIONS

81.     The allegations in paragraph 81 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC respectfully refers the Court to 29 U.S.C. § 1132 for an accurate statement of its contents.

82.     AHIC admits that Plaintiffs purport to assert claims on behalf of a class of participants defined as described in paragraph 82.  Except as so admitted, AHIC denies the allegations in paragraph 82.

83.     The allegations in paragraph 83 assert legal conclusions to which no response is required. To the extent a response is required, AHIC admits that at points during the purported class period the Plan has had over 13,000 participants, and that some participants have chosen to invest in the Aon Funds. AHIC denies the remaining allegations in paragraph 83.

84.     The allegations in paragraph 84 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that it lacks sufficient information to admit or deny, and therefore denies, Plaintiffs' allegations concerning their participation in the Plan and investment in the Aon Funds.  AHIC denies the remaining allegations in paragraph 84.

85.     The allegations in paragraph 85 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that it lacks sufficient information to admit or deny, and therefore denies, Plaintiffs' allegations concerning the experience of their counsel.  AHIC denies the remaining allegations in paragraph 85.

86.     The allegations in paragraph 86 assert legal conclusions to which no response is required. To the extent a response is required, AHIC denies the allegations in paragraph 86.

87.     The allegations in paragraph 87 assert legal conclusions to which no response is required. To the extent a response is required, AHIC denies the allegations in paragraph 87.

88.     The allegations in paragraph 88 assert legal conclusions to which no response is required. To the extent a response is required, AHIC denies the allegations in paragraph 88.

89.     The allegations in paragraph 89 assert legal conclusions to which no response is required. To the extent a response is required, AHIC denies the allegations in paragraph 89.

## COUNT I

90.     AHIC incorporates its responses to paragraphs 1 through 89 as if fully set forth here.

91.     The allegations in paragraph 91 assert legal conclusions to which no response is required.

92.    The allegations in paragraph 92 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 92 purports to quote or otherwise summarize a statutory provision, which statutory provision speaks for itself.

93.    The allegations in paragraph 93 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 93 purports to summarize or rely on *Tibble v. Edison Int'l*, 135 S.Ct. 1823, 1828 (2015), which judicial decision speaks for itself.

94.    The allegations in paragraph 94 assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, AHIC denies the allegations contained in paragraph 94.

95.    The allegations in paragraph 95 assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, AHIC denies the allegations contained in paragraph 95.

96.    The allegations in paragraph 96 assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, AHIC denies the allegations contained in paragraph 96.

97.    The allegations in paragraph 97 assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, AHIC denies the allegations contained in paragraph 97.

98.    The allegations in paragraph 98 assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, AHIC admits that the Aon Funds have inception dates from the fall of 2013 and that the Plan was among the first plans to offer the Aon Funds as plan investment options, and denies all other allegations contained in paragraph 98.

99.     The allegations in paragraph 99 assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, AHIC denies the allegations contained in paragraph 99.

100.     The allegations in paragraph 100 assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, AHIC denies the allegations contained in paragraph 100.

101.     The allegations in paragraph 101 assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, AHIC denies the allegations contained in paragraph 101.

102.     The allegations in paragraph 102 assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, AHIC denies the allegations contained in paragraph 102.

## COUNT II

103.     AHIC incorporates its responses to paragraphs 1 through 102 as if fully set forth here. [1]

104.     The allegations in paragraph 104 assert legal conclusions to which no response is required.

105.     The allegations in paragraph 105 assert legal conclusions to which no response is required.

106.     The allegations in paragraph 106 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that an investment policy statement was adopted by the Committee.  AHIC further states that paragraph 106 purports to summarize a version of the investment policy statement, which speaks for itself.  AHIC denies the remaining allegations in paragraph 106.

---

[1] The Court dismissed Count II as previously pleaded in its March 18, 2021 Order, ECF No. 59, at 29–31.  Accordingly, AHIC states that no response is required to the allegations in Count II to the extent that Plaintiffs seek to reassert that dismissed claim.

107.     The allegations in paragraph 107 asset legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 107 purports to summarize a version of the investment policy statement, which speaks for itself.  AHIC denies the allegations in paragraph 107.

108.     The allegations in paragraph 108 assert legal conclusions to which no response is required. To the extent a response is required, AHIC denies the allegations in paragraph 108.

109.     The allegations in paragraph 109 assert legal conclusions to which no response is required. To the extent a response is required, AHIC denies the allegations in paragraph 109.

## COUNT III

110.     AHIC incorporates its responses to paragraphs 1 through 109 as if fully set forth here.

111.     The allegations in paragraph 111 assert legal conclusions to which no response is required.

112.     The allegations in paragraph 112 assert legal conclusions to which no response is required. To the extent a response is required, AHIC lacks sufficient information to admit or deny, and therefore denies, the allegations regarding the appointment of other entities and individuals other than AHIC as fiduciaries.

113.     The allegations in paragraph 113 assert legal conclusions to which no response is required.

114.     The allegations in paragraph 114 assert legal conclusions to which no response is required. To the extent a response is required, AHIC denies the allegations in paragraph 114.

115.     The allegations in paragraph 115 assert legal conclusions to which no response is required. To the extent a response is required, AHIC denies the allegations in paragraph 115.

116.     The allegations in paragraph 116 assert legal conclusions to which no response is required. To the extent a response is required, AHIC denies the allegations in paragraph 116.

## PRAYER FOR RELIEF

AHIC denies each and every allegation in the Prayer for Relief and all of its subparts.  AHIC denies the allegations, except those specifically admitted above, including each and every portion of the

Complaint requesting any relief.

## AFFIRMATIVE DEFENSES

AHIC asserts the following affirmative defenses.  By alleging these affirmative defenses, AHIC does not agree or concede that they have the burden of proof on any of the issues raised in these defenses, or that any particular issue or subject matter herein is relevant to Plaintiffs' allegations:

### First Affirmative Defense
### (Failure to State a Claim)

Plaintiffs fail to state a claim or cause of action upon which relief can be granted.

### Second Affirmative Defense
### (Not Appropriate Relief)

The claimed relief does not constitute appropriate relief under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2).

### Third Affirmative Defense
### (Not Appropriate Relief)

To the extent Plaintiffs, and those members of the putative class, seek relief that does not constitute appropriate equitable relief, they are not entitled to it under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

### Fourth Affirmative Defense
### (Prudent Action)

Without conceding that any Defendant is a fiduciary with respect to the conduct complained of by Plaintiffs, Plaintiffs' claims, and those of the members of the putative class, are barred in whole or in part because AHIC's actions were both procedurally and substantively prudent and cannot give rise to fiduciary liability under ERISA § 409(a), 29 U.S.C. § 1109(a).

**Fifth Affirmative Defense**
**(Laches)**

Plaintiffs' claims, and those of the members of the putative class, are barred in whole or in part by the doctrine of laches. Plaintiffs challenge the offering of an investment option that had been part of the Plan's lineup and whose inclusion was disclosed to Plan participants many years before Plaintiffs filed suit.

**Sixth Affirmative Defense**
**(Independent Control)**

Plaintiffs' claims, and those of the members of the putative class, are barred in whole or in part to the extent that they exercised independent control over their Plan accounts.

**Seventh Affirmative Defense**
**(Independent Control/ERISA § 404(c))**

Plaintiffs' claims, and those of the members of the putative class, are barred in whole or in part by application of ERISA § 404(c), 29 U.S.C. § 1104(c). Plaintiffs, and the members of the putative class, were able to allocate their accounts freely among a diverse range of investment options whose features were fully disclosed to participants.

**Eighth Affirmative Defense**
**(Failure to Mitigate)**

To the extent Plaintiffs have stated a claim on which relief can be granted, Plaintiffs have proximately caused, contributed to, or failed to mitigate any and all losses claimed.

**Ninth Affirmative Defense**
**(Causation)**

Plaintiffs' claims, and those of the members of the putative class, are barred, in whole or in part, because any loss alleged in the Complaint was not caused by the fault or wrongdoing of AHIC or persons or entities over which AHIC had responsibility or control. The Aon Funds have provided reasonable

returns in light of its investment design, and offers equivalent or superior features, including greater diversity, than other options commonly offered in other plans' lineups.

### Tenth Affirmative Defense
### (Failure to Satisfy Rule 23)

This action may not be maintained as a class action because Plaintiffs cannot satisfy the prerequisites of Federal Rule of Civil Procedure 23.

### Eleventh Affirmative Defense
### (Fraudulent Concealment)

Plaintiffs have failed to plead fraudulent concealment with requisite specificity.

### Twelfth Affirmative Defense
### (Failure to Satisfy Rule 23)

Plaintiffs' claims to a class action should be denied because any alleged injury cannot be proven on a class-wide basis with common methods of proof.

### Thirteenth Affirmative Defense
### (Failure to Satisfy Rule 23)

Damages cannot be proven on a class-wide basis.

### Fourteenth Affirmative Defense
### (Failure to Satisfy Rule 23)

Plaintiffs do not adequately represent the interests of proposed class members.

### Fifteenth Affirmative Defense
### (Standing)

Plaintiffs lack standing under ERISA to assert its claims.

**Sixteenth Affirmative Defense**
**(Covenant not to sue)**

Plaintiffs' claims or those of the putative class members are barred, in whole or in part, to the extent Plaintiffs or the members of the putative class have covenanted not to sue on such claims.

**Seventeenth Affirmative Defense**
**(Cognizable Injury)**

Plaintiffs' claims and those of the putative class are barred because Plaintiffs have not sustained any cognizable injury attributable to AHIC's conduct.

**Eighteenth Affirmative Defense**
**(Administrative Remedies)**

Plaintiffs' claims for breach of fiduciary duty are barred because Plaintiffs have failed to exhaust all administrative remedies.

**Nineteenth Affirmative Defense**
**(Release or Payment)**

Plaintiffs' claims or those of the putative class members are barred, in whole or in part, to the extent Plaintiffs or the members of the putative class have provided a release covering such claims.

**Twentieth Affirmative Defense**
**(Prohibited Transaction Exemption)**

To the extent, if any, the Complaint is intended to assert a claim for a prohibited transaction under ERISA § 406, Plaintiffs' claims for liability are barred in whole or in part by ERISA § 408, and the exemptions granted by the Secretary of Labor pursuant to the authority granted under ERISA § 408(a).

**Twenty-first Affirmative Defense**
**(Statute of Limitations)**

Plaintiffs' claims, and those of the members of the putative class, are barred in whole or in part by the applicable statute of limitations, including but not limited to ERISA § 413, 29 U.S.C. § 1113 and 28 U.S.C. § 1658. Plaintiffs challenge conduct occurring more than four years before Plaintiffs filed suit,

and they and the putative class members had actual knowledge of their alleged claims more than three years before filing suit.

## Reservation of Rights

AHIC reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserve the right to amend its Answer to assert any such defense.

## DEMAND FOR JUDGMENT

WHEREFORE, AHIC respectfully request that the Court:

     a)    dismiss the Second Amended Complaint with prejudice;

     b)    award AHIC its attorneys' fees and costs; and

     c)    grant such other and further relief as it deems just and proper.

Dated:  October 14, 2021                              O'MELVENY & MYERS LLP


By: *Shannon Barrett*
    Shannon Barrett
    sbarrett@omm.com

Brian Boyle
Bboyle@omm.com
Shannon Barrett
Sbarrett@omm.com
1625 Eye Street, NW
Washington, DC  20006-4061
Telephone:   +1 202 383 5300
Facsimile:     +1 202 383 5414

Stuart Sarnoff
Ssarnoff@omm.com
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: +1 212 326 2000
Facsimile: +1 212 326 2061

V. Brandon McGrath (0072057)
BINGHAM GREENEBAUM DOLL LLP
2350 First Financial Center
255 East Fifth Street
Cincinnati, Ohio 45202-4728
513.455.7641
bmcgrath@bgdlegal.com

*Attorneys for Defendant Aon Hewitt Investment
Consulting, Inc. (NKA Aon Hewitt Investments
USA, Inc.)*

## **CERTIFICATE OF SERVICE**

I, Shannon Barrett, hereby certify that on October 14, 2021, I electronically filed the

foregoing *DEFENDANT AON HEWITT INVESTMENT CONSULTING INC.'S ANSWER TO*

*THE SECOND AMENDED CLASS ACTION COMPLAINT* using the CM/ECF system, which

will send notification of such filing to all registered participants.

*/s/ Shannon Barrett*
Shannon Barrett

*Attorneys for Aon Hewitt Investment Consulting*
*Inc. (NKA Aon Investments USA, Inc.)*
