IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| WENDY BERRY, et al, | : | Case No. 1:18-cv-326 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| FIRSTGROUP AMERICA, INC., et. al., | : | |
| | : | |
| Defendants. | : | |

## ORDER CERTIFYING CLASS

This matter is before the Court on the parties' Joint Stipulation and Order Regarding Class Certification and Dismissal of Individual Defendants (Doc. 83), Plaintiffs' Motions to Certify the Class (Doc. 76 & 79), and Plaintiffs' Motion to Seal (Doc. 77).

Based on the Stipulation, the allegations in the First Amended Complaint and the nature of the claims asserted, and the relevant factors under Federal Rule of Civil Procedure 23, the Court finds that there is good cause to certify the proposed class. Among other things:

1. The class is numerous, as the FirstGroup America, Inc. Retirement Savings Plan ("Plan") had tens of thousands of participants during the class period who are or were invested in the Aon Hewitt Funds.

2. There are common issues respecting the Class Claims[1] relating to (among other things): (a) which Defendants served as Plan fiduciaries; (b) whether the Plan's fiduciaries breached their fiduciary duties in violation of 29 U.S.C. § 1104; and (c) the relief, if any, that may be appropriate in this case.

3. Plaintiffs are typical of other class members with respect to the Class Claims, as they participated in the Plan during the class period and were treated consistently with other class members.

4. Plaintiffs are adequate to represent the class, have diligently represented the interests of the class to date, and the parties are not currently aware of any conflicts that might compromise the Plaintiffs' interests in pursuing the Class Claims. Plaintiffs also have retained competent and experienced class counsel. See Moreno v. Deutsche Bank Americas Holding Corp., 2017 WL 3868803, at *11 (S.D.N.Y. Sept. 5, 2017) ("Plaintiffs' counsel are experienced litigators who serve as class counsel

---

[1] The claims that will be determined on a class basis ("Class Claims") are as follows:
   a. Claims, including all defenses thereto, against all Defendants for breach of the ERISA duties of loyalty and prudence pursuant to 29 U.S.C. § 1104(a) with respect to the following actions: (i) selection of the Aon Hewitt Retirement Solution target-date fund series, the Aon Hewitt Large Cap Equity Fund, Aon Hewitt Non-U.S. Equity Fund, Aon Hewitt Small & Mid Cap Equity Fund, Aon Hewitt Core Plus Bond Fund, and Aon Hewitt Inflation Strategy Fund (the "Aon Hewitt Funds") for the FirstGroup America, Inc. Retirement Savings Plan (the "Plan"), including to the extent the selection of the Aon Hewitt Funds failed to comply with the applicable Plan Investment Policy Statement; and (ii) monitoring and retention of the Aon Hewitt Funds in the Plan's investment lineup during the period following their selection as Plan investment options;
   b. Claims, including all defenses thereto, against all Defendants for liability for the alleged breaches of fiduciary duties of their co-fiduciaries under 29 U.S.C. § 1105(a);
   c. Claims, including all defenses thereto, against FirstGroup America, Inc. and the FirstGroup America, Inc. Employee Benefits Committee for breach of the ERISA duty of prudence pursuant to 29 U.S.C. § 1104(a) with respect to the selection, appointment, and retention of AHIC as an investment manager for the Plan; and
   d. Claims, including all defenses thereto, against FirstGroup America, Inc. for breach of the ERISA duty to monitor appointed fiduciaries relating to the aforementioned activities.

in ERISA actions involving defined-contribution plans"). Neither Plaintiffs' counsel nor Defendants' counsel are currently aware of any conflicts that might compromise Plaintiffs' interest in pursuing the class claims. Both Plaintiffs and their counsel (i.e., Nichols Kaster, PLLP and Freking Myers & Reul, L.L.P.) are adequate to represent the class.

5. Class certification is appropriate with respect to the Class Claims under Fed. R. Civ. P. 23(b)(1)(B) because adjudications with respect to the common issues identified in Paragraph 4 as to individual class members, as a practical matter, would be dispositive of the interests of the other persons not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests relating to those issues.

6. Class certification has been granted in several other ERISA cases involving defined contribution plans, including at least three cases in this Circuit. See, e.g., *Karpik v. Huntington Bancshares Inc.*, 2021 WL 757123, at *12 (S.D. Ohio Feb. 18, 2021); *Shanehchian v. Macy's, Inc.*, 2011 WL 883659 (S.D. Ohio Mar. 10, 2011); *Shirk v. Fifth Third Bancorp*, 2008 WL 4425535, at *5 (S.D. Ohio Sept. 30, 2008).

7. Similar stipulations regarding class certification also have been approved in other ERISA cases involving defined contribution plans. *See Turner v. Schneider Elec. Holdings, Inc.*, No. 1:20-cv-11006, Dkt. No. 72 (D. Mass. Aug. 27, 2021); *Reetz v. Lowe's Companies, Inc.*, No. 5:18- cv-00075, Dkt. No. 97 (W.D.N.C. Nov. 5, 2020); *Moitoso v. FMR LLC*, No. 1:18-cv-12122, Dkt. No. 83 (D. Mass. May 7, 2019); *Velazquez v. Mass. Fin. Srvs. LLC*, No. 1:17-cv-11249, Dkt. No. 94 (D. Mass. June 25,

2019); *Pledger v. Reliance Tr. Co.*, No. 1:15-cv-4444, Dkt. No. 101 (N.D. Ga. Nov. 7, 2017).

For the foregoing reasons, the Court **ORDERS** the following:

1. The Court **FINDS** that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(1) are satisfied.

2. The Court **CERTIFIES** the following class: All participants and beneficiaries of the FirstGroup America, Inc. Retirement Savings Plan at any time on or after October 1, 2013 who had any portion of their account invested in the Aon Hewitt Funds, excluding Defendants, any of their directors, and current or former members of the Employee Benefits Committee or Employee Retirement Benefits Committee who served on such committee since October 1, 2013.

3. The Court **DENIES as moot** Plaintiffs' Motions to Certify Class (Doc. 76 & 79); and

4. The Court **DENIES as moot** Plaintiffs' Motion to Seal (Doc. 77).

   **IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND