## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Wendy Berry, Lorri Hulings, and Kathleen Sammons, individually and as representatives of a class of similarly situated persons, and on behalf of the FirstGroup America, Inc. Retirement Savings Plan, <br><br> Plaintiffs, <br><br> v. <br><br> FirstGroup America, Inc., FirstGroup America, Inc. Employee Benefits Committee, and Aon Hewitt Investment Consulting, Inc., <br><br> Defendants. | Case No. 1:18-cv-00326-MWM <br><br> Judge Matthew W. McFarland |

**DEFENDANT AON HEWITT INVESTMENT CONSULTING INC.'S UNOPPOSED MOTION FOR LEAVE TO SEAL UNREDACTED VERSIONS OF DOCUMENTS FILED IN CONNECTION WITH FIRSTGROUP AMERICA INC.'S MOTION FOR SUMMARY JUDGMENT**

1

Pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 5.2.1(a), Defendant Aon Hewitt Investment Consulting, Inc. ("AHIC") hereby respectfully moves the Court for permission to file unredacted versions of the following transcripts and expert reports under seal:

- Transcript of the Deposition of Clint Cary ("Cary Tr."), ECF No. 103;

- Transcript of the Deposition of Joan Boughton ("Boughton Tr."), ECF No. 104;

- Transcript of the Deposition of Drew McCorkle ("McCorkle Tr."), ECF No. 105;

- Transcript of the Deposition of Ryan Neff ("Neff Tr."), ECF No. 106;

- Transcript of the Deposition of Samuel Halpern, a redacted copy of which is attached as Exhibit A to the accompanying Declaration of William D. Pollak ("Pollak Decl.")[1];

- Transcript of the Deposition of Brian Becker, a redacted copy is attached as Exhibit B to the Pollak Decl.;

- Excerpts of the Expert Report of Samuel Halpern ("Halpern Rpt."), Exhibit 59 to the Declaration of David Rosenberg, ECF 109 ("Rosenberg Decl.), a redacted version is attached as Exhibit C to the Pollak Decl.; and

- Excerpts of the Expert Report of Brian Becker ("Becker Rpt."), Exhibit 60 to the Rosenberg Decl., a redacted version is attached as Exhibit D to the Pollak Decl.

As discussed further herein, there is good cause to file the unredacted versions of these transcripts and expert reports under seal because they reference certain highly sensitive and confidential information, including (i) information regarding the compensation or personal

---

[1] FirstGroup has already filed redacted versions of the transcripts of Drew McCorkle, Joan Boughton, Clint Cary, and Ryan Neff publicly. *See* ECF 103–106. AHIC has submitted redacted versions of the transcripts and expert reports of Brian Becker and Samuel Halpern with this motion as Exhibits A–D to the Pollak Decl. based on plaintiffs' representation that they intend to withdraw their confidentiality designations over these documents. *See* Pollak Decl. ¶¶ 5–6. FirstGroup has also indicated that they do not intend on asserting that any portions of these documents contain FirstGroup's confidential information. *See* ECF 110 at 2 n.1.

2

employment histories of current or former AHIC employees, (ii) information about AHIC's other clients, who are non-parties to this litigation, (iii) AHIC's confidential pricing of its services to customers or business development strategies, and (iv) AHIC's proprietary strategy for constructing investments. The publication of this information could result in serious harm to AHIC or certain third parties (*e.g.*, former AHIC employees and AHIC's customers).

AHIC's sealing request is the most "narrowly tailored" means of protecting the privacy interests at stake because AHIC proposes limited and narrowly tailored redactions to these transcripts and expert reports. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). Indeed, AHIC proposes to redact only portions of 66 pages out of 1,498 total transcript pages (i.e., only 4%) and has limited its redactions to sensitive information. Moreover, AHIC has reached a settlement in principle with plaintiffs, ECF 94, and the information being redacted is largely irrelevant to FirstGroup America Inc.'s ("FirstGroup's") pending motion for summary judgment—in fact, **none of the redacted transcript pages are cited by FirstGroup in its summary judgment motion or statement of undisputed facts**. AHIC thus seeks to redact only information that is irrelevant to the pending motion and particularly sensitive. AHIC has conferred with plaintiffs and FirstGroup and they do not oppose the sealing of unredacted versions of these documents. Accordingly, AHIC respectfully requests that the Court grant AHIC's motion to file the unredacted versions of these documents under seal.

I. **BACKGROUND**

On July 8, 2021, this Court entered the Stipulated Protective Order (ECF No. 65, the "Protective Order"). On May 13, 2022, Plaintiffs served the expert reports of Samuel Halpern and Brian Becker and designated them as Confidential under the Protective Order. These expert reports describe and quote directly from various documents produced by AHIC and designated

3

by AHIC as Confidential under the Protective Order.

On October 12, 2022, Plaintiffs and AHIC jointly notified the Court that they had reached a settlement in principle of the claims against AHIC. ECF 94. On October 13, 2022, the Court granted a 60-day extension of the deadline for AHIC to file its summary judgment motion to facilitate the finalization of a possible settlement. On October 14, 2022, FirstGroup filed its motion for summary judgment. ECF 107. In support of its motion for summary judgment, FirstGroup filed the transcripts of the depositions of three former and one current employees of AHIC: Joan Boughton, Clint Cary, Ryan Neff, and Drew McCorkle. *See* ECF 103–106. To facilitate the public filing of these transcripts, AHIC significantly narrowed its prior confidentiality designations such that only very limited portions of these transcripts remained designated as Confidential under the Protective Order and FirstGroup filed redacted versions of these four transcripts on the public docket. On October 14, 2022, FirstGroup filed a motion to provisionally seal the unredacted versions of these transcripts, ECF 110. AHIC now moves to permanently seal the unredacted versions of the four transcripts that it designated as Confidential.

In addition, in support of its motion for Summary Judgment, FirstGroup filed the transcripts of the depositions of plaintiffs' experts Samuel Halpern and Brian Becker and excerpts of the expert reports of Samuel Halpern and Brian Becker as Exhibits 59–60 to the Rosenberg Decl. As these reports and transcripts had been designated as "Confidential" in whole or in part by Plaintiffs, FirstGroup filed these transcripts and expert reports under seal. *See* ECF 110. AHIC has subsequently conferred with plaintiffs and with FirstGroup and neither party intends to move to seal these reports and transcripts. Accordingly, AHIC has filed redacted versions of these transcripts and reports with this motion as Exhibits A–D of the Pollak Decl. and

now moves to seal the unredacted versions of these reports and transcripts.

## II. LEGAL STANDARD

It is well established that it is appropriate to file documents under seal upon a showing of "good cause." Fed.R.Civ.P. 26(c). The Sixth Circuit has held that motions to seal should be granted where (1) there are "compelling reasons" that justify the sealing of documents, (2) the "public interest" in access to the information sought to be sealed does not outweigh the privacy interests at stake, (3) the sealing request is "narrowly tailored," and (4) there are no special considerations that counsel against sealing the information at issue. *Shane Grp., Inc.*, 825 F.3d at 305–07. Courts routinely seal personal information of non-parties and proprietary business information pertaining to "confidential business interests." *United States v. Brown*, 2022 WL 1274411, at *2 (W.D. Ky. Apr. 28, 2022); *NFocus Consulting Inc. v. Uhl*, 2020 WL 12687859, at *2 (S.D. Ohio Dec. 29, 2020). Courts are particularly likely to grant sealing where the moving party has applied limited redactions designed to preserve public access to the relevant information. *Shane Grp.*, 825 F.3d at 305; *United States ex rel. Scott v. Humana Inc.*, 2021 WL 4449277, at *6 (W.D. Ky. Sept. 28, 2021); *Proctor & Gamble Co. v. Ranir*, LLC, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017).

## III. ARGUMENT

### A. Compensation and Employment Information of Current or Former AHIC Employees

1. AHIC has redacted confidential information regarding the compensation and employment histories of certain current and former AHIC employees in Cary Tr., ECF No. 103, at PAGEID 3189–3198, 3201, 3303–3305, 3379–3386, Boughton Tr., ECF No. 104, at PAGEID

3471–3474, 3478, 3479–3481, 3508[2], McCorkle Tr., ECF No. 105, at PAGEID 3806–3811, 3919–3931, Neff Tr., ECF No. 106, at PAGEID 4096–4100, and Pollak Decl. Ex. A, Halpern Tr. at 182.[3] The redacted testimony discusses (i) employment actions (*e.g.*, termination, demotion, or promotion) of AHIC employees and (ii) the compensation awarded to certain current and former AHIC employees and/or the means of determining that compensation.

2. AHIC respectfully submits that sealing the unredacted versions of these transcripts is appropriate and necessary because the personal information contained within the redactions is extremely sensitive. *See Veritas Independent Partners LLC v. Ohio Nat'l Life Ins. Co.*, 2022 WL 1749024, at *3 (S.D. Ohio Jan. 4, 2022) (granting request to seal documents reflecting compensation information); *Brown*, 2022 WL 1274411, at *2 ("[d]istrict courts regularly find good cause exists for allowing redactions in court filings in order to protect personal identifying information") (quotation omitted; alteration in original); *Caudill Seed & Warehouse Company, Inc. v. Jarrow Formulas, Inc.*, 2019 WL 1795941, at *3 (W.D. Ky. Apr. 24, 2019) (granting request to seal testimony regarding employee salaries).

3. The public disclosure of this information could harm both AHIC and its current and former employees. This testimony is highly sensitive and personal for the former AHIC employees identified in the transcripts and could cause them professional harm if disclosed. In addition, AHIC's approach to compensating, retaining, and disciplining its own employees is

---

[2] In addition, the references to witnesses home addresses in Cary Tr., ECF No. 103, at PAGEID 3274 and Boughton Tr., ECF No. 104, at PAGEID 3460 have been redacted because these pages reveal confidential personal identifiable information that is irrelevant to the litigation. *See e.g.*, *Ewalt v. GateHouse Media Ohio Holding II, Inc.*, 2021 WL 4841064, at *2 (S.D. Ohio Oct. 18, 2021) (granting request to seal home addresses and other private personal information).

[3] As noted, the Halpern and Becker transcripts have already been filed under seal by FirstGroup in unredacted form (which FirstGroup has provisionally moved to seal). Exhibits A-B to the Pollak Decl. are unredacted versions of these transcripts.

competitively sensitive information that could harm AHIC if disclosed.

4. This information is also irrelevant to FirstGroup's pending motion for Summary Judgment and, thus, there is no countervailing public interest in access to this sensitive personal information. *See generally Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 566–67 (7th Cir. 2018) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)) (noting that the interest in public access only applies to "materials that form the basis of the parties' dispute and the district court's resolution"). AHIC proposes very limited redactions to these transcripts to seal only those pages that discuss employee compensation and employee actions while preserving public access to those portions of these transcripts that are relevant to the pending summary judgment motion. *NorCal Tea Party Patriots v. Internal Revenue Serv.*, 2022 WL 1316267, at *6 (S.D. Ohio, May 3, 2022) (granting request to seal information related to parties not involved in litigation and concerning incidents "hav[ing] no bearing on the merits of the underlying case"). These limited redactions ensure that FirstGroup's filings remain public to the greatest extent possible while still protecting AHIC's and its former employees' legitimate privacy interests

### B. Third Party Confidential Information

5. The redactions in Cary Tr., ECF No. 103, at PAGEID 3289, 3290, 3301, 3338, 3363, 3366, 3367, 3377, Boughton Tr., ECF No. 104, at PAGEID 3500–3501, McCorkle Tr., ECF No. 105, at PAGEID 3817–3819, Neff Tr., ECF No. 106, at PAGEID 4050, Pollak Decl. Ex. A, Halpern Tr. at 119, Ex. B, Becker Tr. at 76–77, 144, 158–59, and Rosenberg Decl., Ex. 60, Becker Report, ECF No. 109–66, at 21 (filed in redacted version as Pollak Decl. Ex. D)[4]

---

[4] FirstGroup previously filed unredacted versions of the Halpern and Becker expert reports as Exhibits 59–60 to the Rosenberg Decl. AHIC now attaches redacted versions of these documents as Exhibits C–D to the Pollak Decl.

7

concern the confidential information of certain third party clients and customers of AHIC, including their confidential investment strategies, specific strategic priorities, and detailed information regarding their investment decisions. The confidential information of other AHIC clients is not relevant to the issues in this litigation or the issues raised in FirstGroup's summary judgment motion and could cause both AHIC and these innocent third parties unnecessary harm if disclosed publicly.

6. Sealing these limited pieces of testimony is thus appropriate and necessary because of the confidential third party information discussed therein. *See Shane Grp.*, 825 F.3d at 308 ("the privacy interests of innocent third parties should weigh heavily in a court's balancing equation") (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *see also In re Knoxville News Sentinel Co.*, 723 F.2d 470, 477 (1983) ("individuals protected by the closure order here are third parties who were not responsible for the initiation of the underlying litigation. These individuals possessed a justifiable expectation of privacy that their names and financial records not be revealed to the public. Their interests in privacy are sufficiently compelling to justify non-disclosure").

7. AHIC's clients justifiably expected that their sensitive investment strategies and priorities would remain confidential when they provided that information to AHIC. The public disclosure of the confidential investment strategies and investment priorities of AHIC's other clients could negatively impact these innocent third parties and it will also harm AHIC's ongoing relationships with its current and prospective clients. To avoid these negative consequences, AHIC proposes very limited redactions to these transcripts to remove discrete references to these third parties' names while preserving public access to the information relevant to FirstGroup's motion for summary judgment.

### C. Confidential Pricing Information and Business Development Strategies

8. AHIC has also redacted testimony regarding the fees that it charges its clients for its services and its confidential business development strategies in Cary Tr., ECF No. 103, at PAGEID 3214–3215, 3221–3222, 3224–3225, 3302, 3336, Boughton Tr., ECF No. 104, at PAGEID 3614, McCorkle Tr., ECF No. 105, at PAGEID 3755, 3757–3759, 3766–3767, Neff Tr., ECF No. 106, at PAGEID 4032–4033, 4050, Pollak Decl. Ex. A, Halpern Tr. at 169–70, Rosenberg Decl., Ex. 59, Halpern Report, ECF No. 109–65, at ¶¶ 134 (filed in redacted version as Pollak Decl. Ex C), Rosenberg Decl., Ex. 60, Becker Report, ECF No. 109–66, at 25 (filed in redacted version as Pollak Decl. Ex D). These redactions concern confidential information regarding (i) the confidential pricing and terms under which AHIC provided professional investment-related services to FirstGroup, (ii) AHIC's confidential responses as part of a competitive request for proposal ("RFP") process, and (iii) AHIC's confidential strategies for business development. Each of these categories of information is protected by AHIC and maintained as confidential by AHIC in the regular course of business, as well as pursuant to the confidentiality provision of AHIC's most recent Investment Management Agreements with FirstGroup.

9. Courts routinely permit confidential pricing information and business development strategies like that contained in these redacted excerpts of testimony to be filed under seal. *See, e.g., Ranir, LLC*, 2017 WL 3537195, at *3–4 (P&G's pricing strategy and marketing strategy should be redacted as public disclosure would allow competitors to have an "inside look" into P&G's business strategies); *see also Kentucky v. Marathon Petroleum Co. LP*, 2018 WL 3130945, at *6 (W.D. Ky. June 26, 2018) (sealing "documents [that] reveal the 'terms, prices, and volume' that [] third parties with whom [defendant] negotiated the deals

would be willing to accept in the operative market."); *In re Skelaxin (Metaxalone) Antitrust Litig.*, 2015 WL 1486709, at *2 (E.D. Tenn. Mar. 31, 2015) (sealing pricing data); *McClure v. Allegheny Energy, Inc.*, 2008 WL 11380062, at *1 (S.D. W.Va. Oct. 23, 2008) (sealing "pricing information, which . . . could be used by competitors to gain an unfair business advantage in future negotiations").[5]

10. As these courts have recognized, the public disclosure of a company's pricing information and business development strategies can cause competitive harm. Indeed, public disclosure of AHIC's pricing could harm AHIC's relationships with other clients that do not receive as favorable pricing and place AHIC at a disadvantage in future competitive bidding processes. Similarly, AHIC's business development strategies and the details of AHIC's responses to an RFP is competitively sensitive information. AHIC accordingly respectfully submits that there are compelling justifications for these redactions. Moreover, testimony regarding AHIC's business development strategies and pricing has no relevance to the litigation, now that AHIC has reached a preliminary settlement with plaintiffs. *See generally Heraeus Kulzer, GmbH*, 881 F.3d at 566–67 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)) (noting that the presumption of public access only applies to "materials that form the basis of the parties' dispute and the district court's resolution").

11. Accordingly, AHIC respectfully submits that these redactions are narrowly

---

[5] *See also, e.g.*, *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11–12 (S.D.N.Y. Mar. 29, 2016) (sealing portions of a summary judgment brief discussing "confidential and sensitive business information, including sales and costs information" not found in the public record); *TVIIM, LLC v. McAfee, Inc.*, 2015 WL 4448022, at *3 (N.D. Cal. July 19, 2015) (sealing documents that "contain confidential product pricing information . . . [that, if disclosed,] would allow [the defendants'] competitors and suppliers to 'take advantage of this information in negotiating pricing information,' and allow its competitors to 'gain an unfair advantage by using it to determine which features of its own products it could further develop and improve in order to gain market share' over [d]efendant"); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2011 WL 6182346, at *6 (D. Ariz. Dec. 13, 2011) (sealing "pricing information [that, if disclosed,] would harm [Plaintiff's] competitive standing"); *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, 801 F. Supp. 2d 419, 427 (M.D.N.C. 2011) (same).

tailored to protect AHIC's privacy interests while preserving public access to the information relevant to the litigation.

### D. Proprietary Investment Strategies

12. The redactions in Cary Tr., ECF No. 103, at PAGEID 3274–3275, Boughton Tr., ECF No. 104, at PAGEID 3495, 3583–3585, McCorkle Tr., ECF No. 105, at PAGEID 3850–3851, 3868–3875, 3880, Neff Tr., ECF No. 106, at PAGEID 4036–4037, 4040–4041, 4046–4047, 4055–4056, 4059, 4062–4063, 4073–4074, 4077–4079, 4081, 4083–4085, 4087, 4089–4090, Pollak Decl. Ex. A, Halpern Tr. 192–93, 197–99, 204, 239, 246–47, 251, and Rosenberg Decl. Ex. 59, Halpern Report, ECF No. 109–65, at ¶¶ 68, 113, 125 (filed with redactions as Pollak Decl. Ex. C) relate to AHIC's investment strategies and sensitive proprietary analyses regarding the design of investment products. In particular, this testimony discusses (i) AHIC's strategy and processes for constructing investment products and the rationales supporting certain decisions, (ii) internal analyses of the performance of those investment products and possible changes in light of evolving market conditions, (iii) the costs associated with different investment structures, and (iv) AHIC's confidential negotiations with third party investment managers. In addition, the Halpern Report directly quotes from internal AHIC strategic discussions that reveal AHIC's proprietary thinking and strategies. As an investment advisor and delegated fiduciary, these materials are a key element of the value that AHIC provides to clients and their public disclosure would harm AHIC's business interests.

13. Sealing these exhibits is thus appropriate and necessary because of the proprietary and sensitive information contained therein. "Courts have recognized that a litigant's interest in protecting sensitive business information whose disclosure could result in competitive disadvantage can be sufficient to support sealing." *Duff v. Centene Corp.*, 2022 WL 3151889, at

11

*2 (S.D. Ohio Aug. 8, 2022); *see also Morris v. Tyson Chicken, Inc.*, 2020 WL 3442177, at *2 (W.D. Ky. June 23, 2020) (sealing "confidential business information that could harm [defendant's] competitive standing"); *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017) (recognizing interest in sealing "confidential information that would otherwise allow competitors an inside look at a company's business strategies").

14. The harm to AHIC and its third party clients that would result from disclosing this confidential information outweighs any public interest in the information. Sealing this information is also the most narrowly tailored means of protecting the privacy interests at stake because AHIC proposes very limited redactions to the testimony, covering only the proprietary investment strategies described above. These limited redactions ensure that Defendant's filings remain publicly viewable on the docket to the greatest extent possible while still protecting AHIC's legitimate privacy interests. *See Hedick v. Kraft Heinz Co.*, 2019 WL 4958238, at *13 (N.D. Ill. Oct. 8, 2019) (It is well established that parties may move to seal documents in order to "protect investment strategies beyond strategies that are common industry knowledge."); *ABS Glob., Inc. v. Inguran, LLC*, 2017 WL 3588290, at *2 (W.D. Wis. Apr. 15, 2017) (finding that party had shown good cause to seal exhibits "which contain confidential information about [the party's] business strategy."); *Johnson v. Allstate Ins. Co.*, 2008 WL 4279992, at *3 (S.D. Ill. Sept. 17, 2008) (finding good cause to seal documents reflecting "research and methodology" when "[t]he release of such material at this point has the potential to commercially harm [the party] and undermine the hefty monetary investment it has already placed in developing the data.").

### IV. CONCLUSION

For the foregoing reasons, AHIC respectfully requests that this Court grant its motion to maintain under seal unredacted versions of ECF Nos. 103 – 106, Exhibits 59–60 to the Rosenberg Decl., and the transcripts of the depositions of Samuel Halpern and Brian Becker. Pursuant to S.D. Ohio Civ. R. 7.3(b), AHIC has conferred with Plaintiff and FirstGroup regarding this Motion to Seal and this motion is unopposed.

Dated:  October 20, 2022                    Respectfully submitted,

 

/s/  *Shannon M. Barrett*
Brian Boyle (*pro hac vice*)
Shannon M. Barrett (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1625 Eye St., NW
Washington, DC 20006
Telephone:  (202) 383-5300
Fax:  (202) 383-5414
bboyle@omm.com
sbarrett@omm.com

Stuart M. Sarnoff (*pro hac vice*)
William Pollak (*pro hac vice*)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
Telephone:  (212) 728-5675
Fax:  (212) 326-2061
ssarnoff@omm.com
wpollak@omm.com

>V. Brandon McGrath (0072057)
>BINGHAM GREENEBAUM DOLL LLP
>2350 First Financial Center
>255 East Fifth Street
>Cincinnati, Ohio 45202-4728
>Telephone:  513-455-7641
>Brandon.mcgrath@dentons.com
>
>*Attorneys for Aon Hewitt Investment Consulting, Inc. (f/k/a Aon Hewitt Investment Consulting, Inc.)*

14

**CERTIFICATION REGARDING COMPLIANCE WITH LOCAL RULE 7.3(B)**

The undersigned counsel for Defendant Aon Hewitt Investment Consulting, Inc. pursuant to Local Rule 7.3(b), hereby certifies that on October 17, 19, and 20, 2022, he met and conferred with counsel for Plaintiffs and counsel for FirstGroup by email, both of whom confirmed that they do not oppose this Motion to Seal.

Dated: October 20, 2022                    *s/ Shannon M. Barrett*
                                           Shannon M. Barrett (*pro hac vice*)

                                           *Attorneys for Defendant Aon Hewitt Investment Consulting, Inc. (n/k/a Aon Investments USA, Inc.)*

**CERTIFICATE OF SERVICE**

      I, Shannon M. Barrett, hereby certify that this document was served on all counsel of record via the Court's ECF system on October 20, 2022.

Dated: October 20, 2022                                     *s/ Shannon M. Barrett*
                                                                                  Shannon M. Barrett