**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| WENDY BERRY, *et al.*, | : | Case No. 1:18-cv-326 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| FIRSTGROUP AMERICA, INC., | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

_____

### ORDER GRANTING DEFENDANTS' MOTIONS TO SEAL (Doc. 110, 118)

_____

The matter is before the Court on the FirstGroup America Defendants' Motion to Seal (Doc. 110) and Defendant Aon Hewitt Investment Consulting's Motion for Leave to File Under Seal (Doc. 118). Many of the documents the parties wish to seal overlap. First, Defendant seek leave from the Court to file unredacted versions of redacted deposition already filed on the public docket under seal. Next, Defendants seek leave from the Court to (1) file redacted versions of two deposition on the public docket and, thereafter, (2) file the unredacted versions of the two depositions under seal. Lastly, Defendants request three exhibits to the Declaration of David M. Rosenberg be sealed by the Court. For the following reasons, the Court **GRANTS** Defendants' Motions (Docs. 110, 118).

Federal courts have long recognized a strong presumption in favor of openness which can only be overcome by "the most compelling reasons." *Shane Group., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *In re Knoxville News-*

*Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Accordingly, "[t]he burden of overcoming that presumption is borne by the party that seeks to seal them." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). "To meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). To do so, the party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* (citing *Shane Group.*, 825 F.3d at 305). And typically, in civil litigation, only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence is typically enough to overcome this presumption. *Shane Group.*, 825 F.3d at 305.

Considering that the documents and deposition transcripts in question that Defendants seek to seal contain or reference confidential or highly confidential information identified by all parties in this case, Defendants have demonstrated that (1) compelling interests exist to seal the documents and deposition transcripts, (2) such interests outweigh the public's interest in accessing the documents or deposition transcripts, and (3) Defendants' requests are narrowly tailored. Therefore, Defendants' Motions (Doc. 110, 118) are **GRANTED**.

The Court **ORDERS** Defendants to file redacted versions of the transcripts of the August 25, 2022 Deposition of Samuel W. Halpern and the August 30, 2022 Deposition of Brian Charles Becker, Ph. D. on the public docket. However, Defendants **MAY FILE**

unredacted versions of the following depositions **UNDER SEAL**:

    (1) August 25, 2022 Deposition of Samuel W. Halpern;

    (2) August 30, 2022 Deposition of Brian Charles Becker, Ph. D.;

    (3) Deposition of Clinton Cary (Doc. 103);

    (4) Deposition of Joan Bougton (Doc. 104);

    (5) Deposition of Drew McCorkle (Doc. 105); and

    (6) Deposition of Ryan Neff (Doc. 106);

Additionally, the Clerk **SHALL SEAL** the following docket entries:

    (1) Exhibit 59 to the Declaration of David M. Rosenberg (Doc. 109-59);

    (2) Exhibit 60 to the Declaration of David M. Rosenberg (Doc. 109-60); and

    (3) Exhibit 62 to the Deposition of David M. Rosenberg (Doc. 109-62).

    **IT IS SO ORDERED.**

                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF OHIO

                  By: * /s/ Matthew W. McFarland*
                      JUDGE MATTHEW W. McFARLAND