IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| WENDY BERRY, *et al.*, | : | Case No. 1:18-cv-326 |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| v. | : | |
| FIRSTGROUP AMERICA, INC., *et al.*, | : | |
| Defendants. | : | |

## ORDER GRANTING PLAINTIFFS' MOTION FILE UNDER TO SEAL (Doc. 136)

The matter is before the Court on the Plaintiffs' Motion to File Under Seal (Doc. 136). Plaintiffs seek leave to file an unredacted versions of Plaintiffs' Memorandum in Opposition to the First Group America Defendants' Motion for Summary Judgment, Plaintiffs' Response to the FGA Defendants' Statement of Proposed Undisputed Facts, the transcript of the Deposition of Matt Clink, and the exhibits to the Declaration of Brock J. Specht. For the following reasons, the Court **GRANTS** Plaintiffs' Motion (Doc. 136).

Federal courts have long recognized a strong presumption in favor of openness which can only be overcome by "the most compelling reasons." *Shane Group., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Accordingly, "[t]he burden of overcoming that presumption is borne by the party that seeks to seal them." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). "To meet this burden, the party

must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). To do so, the party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* (citing *Shane Group.*, 825 F.3d at 305). And typically, in civil litigation, only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence is typically enough to overcome this presumption. *Shane Group.*, 825 F.3d at 305.

Considering that the filings, documents and deposition transcripts in question that Plaintiffs seek to seal contain or reference confidential or highly confidential information identified by all parties in this case, Plaintiffs have demonstrated that (1) compelling interests exist to seal the documents and deposition transcripts, (2) such interests outweigh the public's interest in accessing the documents or deposition transcripts, and (3) Plaintiffs' requests are narrowly tailored. Therefore, Plaintiffs' Motion to File Under Seal (Doc. 136) is **GRANTED**. Plaintiffs **MAY FILE** unredacted versions of the following **UNDER SEAL**:

(1) Plaintiffs' Memorandum in Opposition to the First Group America Defendants' Motion for Summary Judgment (Doc. 134);

(2) Plaintiffs' Response to the FGA Defendants' Statement of Proposed Undisputed Facts (Doc. 134-1);

(3) the transcript of the Deposition of Matt Clink (Doc. 132); and

(4) the exhibits to the Declaration of Brock J. Specht (Doc. 135).

**IT IS SO ORDERED.**

By: _____
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
JUDGE MATTHEW W. McFARLAND