UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WENDY BERRY, *et al.*,<br>    Plaintiffs, | Case No. 1:18-cv-326<br>Litkovitz, M.J. |
| v. | **ORDER GRANTING PLAINTIFFS'**<br>**MOTIONS FOR FINAL APPROVAL** |
| FIRSTGROUP AMERICA, INC., *et al.*,<br>    Defendants. | **OF CLASS ACTION SETTLEMENT,**<br>**ATTORNEY FEES, EXPENSES, AND**<br>**SERVICE AWARDS** |

This matter is before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement (Doc. 186), Plaintiffs' Unopposed Motion for Attorney Fees and Costs, Settlement Administrative Expenses, and Class Representatives' Service Awards (Doc. 181), and accompanying memoranda (Docs. 182-85, 187-89). Plaintiffs specifically request: (1) final approval of the class action settlement; (2) attorneys' fees and costs; (3) settlement administrative expenses; and (4) service awards for the class representatives, as detailed in the February 29, 2024 Amended Class Action Settlement Agreement and Release ("Amended Settlement Agreement"). (Doc. 175-1). The Amended Settlement Agreement was entered into by class representatives Wendy Berry, Lorri Hulings, and Kathleen Sammons ("Named Plaintiffs"), on behalf of a class of participants in the FirstGroup America, Inc. Retirement Savings Plan ("Plan"), and FirstGroup America, Inc., the FirstGroup America, Inc. Employee Benefits Committee (collectively, the "FGA Defendants"), and Aon Hewitt Investment Consulting, Inc. ("Aon Hewitt") (and, collectively with the FGA Defendants, "Defendants"). (Doc. 175-1).

**I.  Background**

This litigation arose out of claims of alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") against the Defendants

in connection with the management of the FirstGroup America, Inc. Retirement Savings Plan ("Plan").  Plaintiffs commenced this action on May 11, 2018 (Doc. 1), and after more than six years of litigation, the parties have reached a global class settlement.  (Docs. 173, 175-1, 187 at PAGEID 13335).

On August 1, 2023, this Court issued an order granting preliminary approval of the Amended Settlement Agreement and preliminarily certifying the following settlement class:

> All participants and beneficiaries of the FirstGroup America, Inc. Retirement Savings Plan at any time on or after October 1, 2013 through the date of preliminary approval, who had any portion of their account invested in the Aon Hewitt Funds, excluding Defendants, any of their directors, and current or former members of the Employee Benefits Committee or Employee Retirement Benefits Committee who served on such committee since October 1, 2013.
>
> Consistent with the Court's prior Order Granting Class Certification (Doc. 92), Named Plaintiffs Wendy Berry, Lorri Hulings, and Kathleen Sammons are appointed as the Class Representatives, and Nichols Kaster, PLLP and Freking Myers & Reul LLC are appointed as Class Counsel for the Settlement Class.

(*See* Doc. 179).

The Amended Settlement Agreement provides that the Defendants will contribute a Gross Settlement Amount of $9,000,000 to a qualified settlement fund.  (Doc. 175-1 at PAGEID 13193-13194).  After accounting for Attorneys' Fees and Costs, Service Awards, a reserve, and all Administrative Expenses from the Gross Settlement Amount, the remaining sum ("Net Settlement Amount") will be distributed to eligible Settlement Class Members on a pro rata basis in accordance with the Amended Settlement Agreement's plan of allocation.  (*Id.* at PAGEID 13184, 13196, 13201).  In exchange for this relief, the Settlement Class will release Defendants and the "Released Parties" (*Id*. at PAGEID 13186) from all claims with respect to the Plan arising on or before the date of the preliminary approval "that were asserted in the Action or could have been asserted in the Action[,]" "that would be barred by res judicata based

on the Court's entry of the Final Approval Order[,]" "that arise from the direction to calculate, the calculation of, and/or the method or manner of the allocation of the Net Settlement Fund pursuant to the Plan of Allocation[,]" or "that arise from the approval by the Independent Fiduciary of the Amended Settlement Agreement." (*Id*. at PAGEID 13185).

Plaintiffs, through the Court appointed Settlement Administrator and pursuant to the Court's preliminary order (Doc. 179 at PAGEID 13248-49), mailed notices to 29,259 Settlement Class Members and published the notice on the settlement website. (Doc. 187 at PAGEID 13337). The deadline for filing objections was November 21, 2024, and no objections were received. (Docs. 179, 187 at PAGEID 13338). Plaintiffs have now filed the present Motion for Final Approval of Class Action Settlement. (Doc. 186). The Court conducted a fairness hearing on December 12, 2024 and heard arguments from both parties. There were no class members in attendance and no objections were raised.

## II.  Analysis and Decision

Presented to the Court for final approval is a settlement of the litigation against all Defendants. The terms of the Settlement are set out in the parties' Amended Settlement Agreement dated February 29, 2024 (Doc. 175-1), executed on behalf of the Parties by Class Counsel, FGA Defendants' Counsel, and Aon Hewitt's Counsel.

Upon consideration of plaintiffs' Motion for Final Approval, the declarations attesting to the publication of the notice to class members, and having duly considered the terms of the Amended Settlement Agreement, the Court finds the following:

1. For purposes of this Final Approval Order, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Amended Settlement Agreement.

2. The Court has subject matter jurisdiction over this Action and personal jurisdiction over the Defendants and all Settlement Class Members pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of administering, interpreting, construing, and enforcing this Final Approval Order and the Amended Settlement Agreement, without affecting the finality of this Final Approval Order.

3. The following Settlement Class is hereby finally certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure:

> All participants and beneficiaries of the FirstGroup America, Inc. Retirement Savings Plan at any time on or after October 1, 2013 through the date of preliminary approval, who had any portion of their account invested in the Aon Hewitt Funds, excluding Defendants, any of their directors, and current or former members of the Employee Benefits Committee or Employee Retirement Benefits Committee who served on such committee since October 1, 2013.

This Settlement Class is consistent with the class initially certified by the Court for purposes of the litigation, and meets all of the requirements of Rule 23 and due process for the reasons specified in this Court's prior Order Preliminarily Approving Amended Class Action Settlement, Approving Procedure and Form of Notice, and Scheduling Final Approval Hearing ("Preliminary Approval Order"). (*See* Doc. 179).

4. The form and method of notifying the Settlement Class Members of the terms and conditions of the Amended Settlement Agreement met the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, due process, and applicable law, and constituted the best notice practicable under the circumstances. In accordance with the Court's Preliminary Approval Order (Doc. 179), and as reflected in the information provided by the Settlement Administrator (Analytics

Consulting LLC) (Docs. 189, 189-1), Notices were timely distributed by first-class mail to all Settlement Class Members who could be identified with reasonable effort, and provided Settlement Class Members with all necessary information regarding the Settlement and their rights under the Settlement (including their right to object and appear at the Fairness Hearing).

5. The terms of the Settlement are fair, reasonable, and adequate, and satisfy the conditions for approval under Rule 23(e)(2). Among other things, the Court finds that:

   a) The Settlement Class was adequately represented by the Class Representatives and Class Counsel;

   b) The Settlement resulted from arm's-length negotiations conducted in good faith after extensive litigation;

   c) The monetary relief provided by the Settlement ($9,000,000) is fair, reasonable, and adequate in light of the claims asserted, and will be effectively distributed pursuant to a common formula that treats all class members equitably;

   d) The allocation plan set forth in the Settlement is fair and equitable;

   e) The Settlement avoids significant costs, risks, and delays in connection with continued litigation;

   f) The Class Representatives and Class Counsel support the Settlement;

   g) Settlement Class Members had the opportunity to be heard on all issues regarding the Amended Settlement Agreement, and there were no objections to the Settlement;

   h) The Settlement was reviewed by an Independent Fiduciary, Fiduciary Counselors,

which has approved the Settlement and approved the release of claims therein; and

i) The Amended Settlement Agreement meets all other necessary criteria for approval and is in the best interest of the Settlement Class.

Accordingly, the Motion for Final Approval of Class Action Settlement (Doc. 186) is granted, and the Amended Settlement of Class Action is approved as fair, reasonable, and adequate to the Plan and Settlement Class.

6. The Action and all Plaintiffs' Released Claims, whether asserted by the Class Representatives on their own behalf or on behalf of the Settlement Class Members, or derivatively to secure relief for the Plan, are dismissed with prejudice, without costs to any of the Parties other than as provided for in the Amended Settlement Agreement.

7. Neither this Final Approval Order nor the Amended Settlement Agreement or any proceedings taken pursuant to them constitutes an admission by any Defendant or Released Party of any liability or wrongdoing whatsoever.

8. The Class Representatives and each Settlement Class Member, and their respective heirs, beneficiaries, executors, administrators, successors, and assigns, and the Plan shall be (i) conclusively deemed to have, and by operation of this Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, and discharged the Defendants and the Released Parties from all Plaintiffs' Released Claims (including Unknown Claims) as provided for in the Settlement Agreement, and (ii) barred and enjoined from suing any of the Defendants or the Released Parties in any action or proceeding alleging any of Plaintiffs' Released Claims (including Unknown Claims), either individually or derivatively on behalf of the

Plan, pursuant to the terms of the Settlement Agreement; even if any Settlement Class Member may thereafter discover facts in addition to or different from those which the Settlement Class Members or Class Counsel now know or believe to be true with respect to the Action and the Plaintiffs' Released Claims, whether or not Settlement Class Members received the Notice, whether or not the Settlement Class Members received a payment in connection with this Amended Settlement Agreement, whether or not Former Participant Class Members received the Former Participant Rollover Form, whether or not Former Participant Class Members have executed and delivered a Former Participant Rollover Form, whether or not Settlement Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Settlement Class Members have been approved or allowed.

10. The Court finds that all applicable Class Action Fairness Act (CAFA) Notice requirements have been satisfied. (Doc. 185, 185-1).

11. Upon the Effective Date of this Order under the Amended Settlement Agreement, the Parties, the Settlement Class, and the Plan shall be bound by the Amended Settlement Agreement and by this Final Approval Order.

12. Class counsel's requested fee award equal to one-third of the common fund, or $3,000,000, is fair and reasonable for the work performed in this matter and shall be deducted from the Gross Settlement Amount and paid in accordance with the Amended Settlement Agreement. The actual hours expended by class counsel times their reasonable hourly rate exceeds this amount. Thus, the Court's lodestar cross-

check supports the attorney fees awarded. (Docs. 183-1 at PAGEID 13300, 181 at PAGEID 13256).

13. Class counsel's requested reimbursement of litigation expenses of $614,047.43 is fair and reasonable. In addition, the settlement administration expenses in the amount of $116,444 are reasonable and necessary to carry out the terms of the Amended Settlement Agreement on behalf of the Class. Both sums shall be deducted from the Gross Settlement Amount and paid in accordance with the Amended Settlement Agreement.

14. A service award of $10,000 to each of the three class representatives is fair, reasonable, and necessary to compensate the class representatives for their time and effort and the risk assumed in pursuing this action. This sum shall be deducted from the Gross Settlement Amount and paid in accordance with the Amended Settlement Agreement.

Accordingly, the Plaintiffs' Motion for Final Approval of the Class Action Settlement (Doc. 186) and Motion for Attorney Fees, Expenses, Administrative Costs, and Class Representatives' Service Awards (Doc. 181) are **GRANTED**, the Amended Settlement of the Class Action is **APPROVED** as fair, reasonable, and adequate to the Plan and the Settlement Class, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Amended Settlement Agreement.

**IT IS SO ORDERED.**

Date: 12/18/2024

Karen L. Litkovitz
United States Magistrate Judge